RILEY SAFER HOLMES & CANCILA LLP
MEGHAN R. MCMEEL (CSB No. 284841)
mmcmeel@rshc-law.com
RACHEL F. SIFUENTES (CSB No. 324403)
rsifuentes@rshc-law.com
JOSHUA L. ROQUEMORE (CSB No. 327121)
jroquemore@rshc-law.com
100 Spectrum Center Drive, Suite 440
Irvine, CA  92618
Telephone:   (949) 359-5500
Facsimile:    (949) 359-5501

Attorneys for Defendant
OLE MEXICAN FOODS INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JUAN DE DIOS RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OLÉ MEXICAN FOODS INC.,<br><br>Defendant. | Case No.  5:20-cv-02324-JGB-SP<br><br>**DEFENDANT OLÉ MEXICAN FOODS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME**<br><br>Date:        March 8, 2021<br>Time:        9:00 a.m.<br>Courtroom.: 1<br>Judge:       Honorable Jesus G. Bernal |

5:20-cv-02324-JGB-SP

DEFENDANT OLÉ MEXICAN FOODS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME

# TABLE OF CONTENTS

TABLE OF AUTHORITIES....................................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES.............................................2

INTRODUCTION ..................................................................................................2

PLAINTIFF'S ALLEGATIONS ...........................................................................2

ADDITIONAL BACKGROUND ...........................................................................3

ARGUMENT..........................................................................................................5

    I.      LEGAL STANDARD UNDER FED. R. CIV. P. 12(b)(6)..................5

    II.     THE REASONABLE CONSUMER TEST ........................................5

         A.    Four Recently Decided and Factually Similar Geographic Origin Cases Where the Defendants' Motions to Dismiss Were Granted...................................................................................7

         B.    Seven Recently Decided But Factually Distinct Geographic Origin Cases Where the Defendants' Motions to Dismiss Were Denied.......................................................................................11

    III.    PLAINTIFF'S GEOGRAPHIC ORIGIN ALLEGATIONS FAIL THE REASONABLE CONSUMER TEST. .................................................14

    IV.    PLAINTIFF ALSO FAILS TO STATE A CLAIM FOR BREACH OF AN IMPLIED WARRANTY. .............................................................17

CONCLUSION....................................................................................................20

1

2

# TABLE OF AUTHORITIES
## CASES

3

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................................... 5

4

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ............................................................................... 5

5

*Bowring v. Sapporo U.S.A., Inc.,*
  234 F. Supp. 3d 386 (E.D.N.Y. 2017) ......................................... passim

6

7

*Broomfield v. Craft Brew All., Inc.,*
  No. 17-CV-01027-BLF, 2017 WL 3838453 (N.D. Cal. Sept. 1,
  2017) ................................................................................................ passim

8

9

*Choi v. Kimberly-Clark Worldwide, Inc.,*
  No. SACV190468DOCADSX, 2019 WL 4894120 (C.D. Cal. Aug.
  28, 2019) .............................................................................................. 18

10

11

*Dumas v. Diageo PLC,*
  No. 15CV1681 BTM (BLM), 2016 WL 1367511 (S.D. Cal. Apr. 6,
  2016) ................................................................................................ passim

12

*Ebner v. Fresh, Inc.,*
  838 F.3d 958 (9th Cir. 2016) ............................................................ 5, 6

13

*Freeman v. Time, Inc.,*
  68 F.3d 285 (9th Cir. 1995) ................................................................... 5

14

*Hauter v. Zogarts,*
  14 Cal.3d 104, 120 Cal.Rptr. 681, 534 P.2d 377 (1975) .................... 18

15

16

*Hesse v. Godiva Chocolatier, Inc.,*
  463 F. Supp. 3d 453 (S.D.N.Y. 2020) ........................................... 6, 14

17

*Hill v. Roll Int'l Corp.,*
  195 Cal. App. 4th 1295, 128 Cal. Rptr. 3d 109 (2011) ........................ 5

18

*Maeda v. Kennedy Endeavors, Inc.,*
  407 F. Supp. 3d 953 (D. Haw. 2019) ............................................ passim

19

20

*Marty v. Anheuser-Busch Companies, LLC,*
  43 F. Supp. 3d 1333 (S.D. Fla. 2014) ..................................... 7, 13, 14

21

*Nelson v. MillerCoors, LLC,*
  246 F. Supp. 3d 666 (E.D.N.Y. 2017) ..................................... 7, 9, 17

22

*Peacock v. Pabst Brewing Co., LLC,*
  No. 218CV00568TLNCKD, 2020 WL 5847244 (E.D. Cal. Oct. 1,
  2020) ....................................................................................................... 6

23

24

*Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.,*
  653 F.3d 241 (3d Cir. 2011) ................................................................ 11

25

*Reed v. Gen. Mills, Inc.,*
  No. C19-0005-JCC, 2019 WL 2475706 (W.D. Wash. June 13,
  2019) ................................................................................................. 6, 12

26

27

*Shalikar v. Asahi Beer U.S.A., Inc.,*
  No. LACV1702713JAKJPRX, 2017 WL 9362139 (C.D. Cal. Oct.
  16, 2017) ......................................................................................... 7, 13

28

*T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*,
 83 F. Supp. 3d 855 (N.D. Cal. 2015)...................................................18

*Viggiano v. Hansen Nat. Corp.*,
 944 F. Supp. 2d 877 (C.D. Cal. 2013)...........................................18

*Williams v. Gerber Prod. Co.*,
 552 F.3d 934 (9th Cir. 2008) ................................................5, 6, 10

## STATUTES

Cal. Civ. Code § 1750..............................................................................3

Cal Civ. Code § 1770...............................................................................5

Cal. Bus. & Prof. Code § 17200.........................................................3, 5

Cal. Bus. & Prof. Code § 17500.........................................................3, 5

Federal Rules of Civil Procedure 12(b)(6) ...................................1, 2, 5

Cal. Comm. Code § 2314 .........................................................................3

Cal. Comm. Code § 2314(2)(f)..............................................................17

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT ON March 8, 2021 at 9:00 a.m., or as soon thereafter as the matter may be heard by the above-entitled Court, located at 3470 Twelfth Street, Riverside, California 92501 (Courtroom 1), Defendant Olé Mexican Foods Inc. ("Defendant") will move the Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's Complaint fails to state a claim upon which relief can be granted. Defendant moves on the grounds that Plaintiff has not adequately alleged a legal duty breached by Defendant, a statutory violation, nor a compensable injury.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant, by its undersigned attorneys, hereby requests that this Court dismiss Plaintiff's Complaint with prejudice. Defendant is concurrently filing a *Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Class Action Complaint*, which is incorporated herein by reference and more fully sets out the grounds for the relief requested. Prior to filing this Notice of Motion and Motion, the undersigned conferred with Plaintiff's counsel on November 24, 2020 in an effort to avoid motion practice.

Dated:  December 22, 2020

Respectfully submitted,

RILEY SAFER HOLMES & CANCILA LLP

By:   */s/ Meghan R. McMeel*
Meghan R. McMeel
Rachel F. Sifuentes
Joshua L. Roquemore
Attorneys for Defendant
OLE MEXICAN FOODS INC.

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Olé Mexican Foods, Inc. ("Defendant"), by its undersigned attorneys, submits this Memorandum in support of its Motion to Dismiss Plaintiff's Class Action Complaint ("Complaint").

## **INTRODUCTION**

This case is the latest in a spate of recent "geographic origin" class action lawsuits asserting claims regarding consumer food products under the consumer protection laws of California and New York. These cases have made clear that the following factors are to be considered in determining whether a plaintiff has plausibly alleged that a defendant's product packaging is likely to deceive reasonable consumers as to geographic origin: (a) the geographic specificity of the defendant's representations; (b) the existence (or not) of a disclosure expressly disclaiming the product's actual geographic origin; and (c) whether the defendant's representations merely evoke the cuisine, culture, history, people, spirit, or feeling of a country or a place. Applying these factors to the case at bar, there can be no question that Plaintiff's Complaint fails to state claims upon which relief can be granted. Defendant therefore requests that this Court dismiss Plaintiff's Complaint with prejudice.

## **PLAINTIFF'S ALLEGATIONS**

Plaintiff Juan De Dios Rodriguez ("Plaintiff"), a California resident, seeks certification of a class of all California citizens who, like him, purchased any of the following of Defendant's *La Banderita* tortilla products: Burrito Grande, Sabrosísimas Corn, Sabrosísimas Flour, and Whole Wheat Fajita (the "Products"). (Compl. ¶¶ 1, 27, 28; Prayer for Relief ¶ A.) According to Plaintiff, the following representations, appearing on some or all of the Products' packaging, "taken in isolation and as a whole, create the misleading impression that the Products are made in Mexico, when they are not":

(a)     the phrase "El Sabor de Mexico!" or "A Taste of Mexico!";

(b)     the image of a Mexican flag on the front and center of the packaging;

(c)     the brand name *La Banderita*, meaning "the flag";

(d)     a circular logo with the Mexican flag and the word "Authentic"; and

(e)     the use of Spanish words or phrases, including "Sabrosísimas," "Tortillas de Maiz," and "El Sabor de Mexico!".

(Compl. ¶¶ 2, 15-17.)

Plaintiff further alleges that "[t]ortillas are a staple of Mexican cuisine and are considered to have originated in Mexico"; and "[t]he people of Mexico have a long history with tortillas and are generally credited with having perfected the art of making them." (*Id.* ¶ 3.) Based on this history, Plaintiff alleges that "consumers value tortilla products that are authentically made *in* Mexico." (*Id.* ¶ 4 (emphasis added).) Plaintiff therefore claims that had he and those similarly situated "known that the Products were not made in Mexico, they would not have purchased the Products or would have paid significantly less for them." (*Id.*)

Based on these allegations, Plaintiff asserts claims against Defendant for violating: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*; (2) California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500; (3) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; and (4) California's implied warranty of merchantability statute, Cal. Comm. Code § 2314.

## ADDITIONAL BACKGROUND

As shown in Exhibits A through D of Defendant's Request for Judicial Notice ("RJN"), filed contemporaneously herewith, the packaging for *all* of the Products at issue in this case disclose that the tortillas are "MADE IN U.S.A.," and that they are "Manufactured by: Olé Mexican Foods, Inc., Norcross, GA 30071." (RJN Exs. A-D.) Indeed, as shown below, those statements appear right alongside the very representations that Plaintiff alleges are misleading as to the source of

manufacture:



DEFENDANT OLÉ MEXICAN FOODS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME

# ARGUMENT

## I. LEGAL STANDARD UNDER FED. R. CIV. P. 12(B)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, a court must accept "factual matter" in the complaint as true but need not accept "bald allegations" or "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under that standard, a complaint must be dismissed unless its well-pleaded factual allegations establish "a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Determining whether a complaint's allegations are "plausible" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. THE REASONABLE CONSUMER TEST

California's consumer protection laws prohibit "unlawful, unfair, or fraudulent business practices." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 964 (9th Cir. 2016) (citing Cal. Bus. & Prof. Code §§ 17200, 17500, and Cal Civ. Code § 1770.) These laws "prohibit not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (internal quotation omitted).

Notwithstanding their differences, the UCL, CLRA, and FAL are all governed by the "reasonable consumer" test, which requires a plaintiff to "show that members of the public are likely to be deceived." *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (internal quotation omitted). This test "does not contemplate a particularly naïve consumer." *Maeda v. Kennedy Endeavors, Inc.*, 407 F. Supp. 3d 953, 970 (D. Haw. 2019) (citing *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304, 128 Cal. Rptr. 3d 109, 115 (2011) ("Thus, for example, the

standard is not a least sophisticated consumer, unless the advertising is specifically targeted to such a consumer.")). "Rather, California courts consistently have looked to the ordinary consumer within the larger population." *Hill*, 194 Cal. App. 4th at 1304, 128 Cal. Rptr. 3d at 115.

The "likely to deceive" test requires "more than a *mere possibility* that [a defendant's label] might conceivably be misunderstood by *some few* consumers viewing it in an unreasonable manner." *Ebner*, 838 F.3d at 965 (emphasis added). Instead, "the reasonable consumer standard requires a *probability* that a *significant portion* of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* (emphasis added) (internal quotation omitted).

Generally, a plaintiff's lawsuit filed under California's consumer protection laws involves questions of fact not appropriate for resolution on a motion to dismiss, and such motions should only be granted in "rare situation[s]." *Williams*, 552 F.3d at 938. However, the "rare situations" language from *Williams* must be considered in the specific context of the flurry of recently decided and factually similar "geographic origin" cases that have been brought under California's consumer protections laws, as well as under other states' laws that similarly utilize a reasonable consumer test. Defendant is aware of 11 such cases, four of which were brought by the same firm representing Plaintiff in this action:

    (a)    *Peacock v. Pabst Brewing Co., LLC*, No. 218CV00568TLNCKD, 2020 WL 5847244 (E.D. Cal. Oct. 1, 2020);

    (b)    *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453 (S.D.N.Y. 2020);

    (c)    *Maeda v. Kennedy Endeavors, Inc.*, 407 F. Supp. 3d 953 (D. Haw. 2019);

    (d)    *Reed v. Gen. Mills, Inc.*, No. C19-0005-JCC, 2019 WL 2475706 (W.D. Wash. June 13, 2019);

(e) *Peacock v. 21st Amendment Brewery Cafe, LLC*, No. 17-CV-01918-JST, 2018 WL 452153 (N.D. Cal. Jan. 17, 2018);

(f) *Shalikar v. Asahi Beer U.S.A., Inc.*, No. LACV1702713JAKJPRX, 2017 WL 9362139 (C.D. Cal. Oct. 16, 2017);

(g) *Broomfield v. Craft Brew All., Inc.*, No. 17-CV-01027-BLF, 2017 WL 3838453 (N.D. Cal. Sept. 1, 2017);

(h) *Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386 (E.D.N.Y. 2017);

(i) *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666 (E.D.N.Y. 2017);

(j) *Dumas v. Diageo PLC*, No. 15CV1681 BTM (BLM), 2016 WL 1367511 (S.D. Cal. Apr. 6, 2016); and

(k) *Marty v. Anheuser-Busch Companies, LLC*, 43 F. Supp. 3d 1333 (S.D. Fla. 2014).[1]

These 11 cases provide the context by which the "reasonable consumer" test should be applied at the pleading stage to Plaintiff's geographic origin allegations, and Defendant therefore discusses these cases in detail *infra* in Sections II(A) and (B).

## A. Four Recently Decided and Factually Similar Geographic Origin Cases Where the Defendants' Motions to Dismiss Were Granted.

Defendant is aware of four cases involving similar geographic origin claims, all decided in the last five years, wherein the district courts determined that the plaintiffs had failed to plausibly allege that the defendants' product packaging was likely to deceive reasonable consumers as to geographic origin.

---

[1] Of these, the Faruqi & Faruqi, LLP law firm, which is representing Plaintiff in this action, was counsel of record in *Hesse, Maeda, Shalikar,* and *Broomfield*.

Most recently, in *Maeda,* the district court considered whether the defendant's "HAWAIIAN" snacks packaging, examples of which are depicted below, were likely to deceive reasonable consumers into believing that the snacks were made in Hawaii, which they were not. 407 F. Supp. 3d at 971.

 

The court noted that the defendant's snack packaging all prominently displayed the products' brand name "HAWAIIAN" at the top, which was coupled with a variety of imagery and individual product names associated with Hawaii, "such as hula dancers, canoes, beaches, palm trees, and volcanoes." *Id.* at 970.

However, in dismissing the plaintiff's UCL, CLRA, and UCL claims, the court found persuasive that "there is no 'specific geographic indicia related to Hawaii—such as a map, invitation to visit Defendant on the island, or Hawaiian address or geographic emblem—that indicate a specific place that the Product is produced and that the customer can visit.'" *Id.* at 972 (quoting *Broomfield*, 2017 WL 3838453 at *1.) Following the court's analysis in *Broomfield*, discussed *infra* in Section II(B), the court in *Maeda* reasoned that the "[m]ere evocation of Hawaii, with no additional representations that could deceive a reasonable consumer into believing that a product is made in Hawaii, is insufficient." *Id.*

1       Notably, the "HAWAIIAN" packaging in *Maeda* included an "origination

2  label" on the back (like Defendant's Products) identifying Algona, Washington as

3  the place of manufacture for the defendant's products. The court, however, stated

4  that the plaintiff's allegations failed the reasonable consumer test even without

5  factoring the origination label into its analysis. 407 F. Supp. 3d at 971, n.8.

6       Similarly, in *Dumas*, the district court dismissed the plaintiff's UCL, FAL,

7  and CLRA claims because "no reasonable consumer would be misled into thinking

8  that Red Stripe [beer] is made in Jamaica with Jamaican ingredients," based on the

9  packaging language "Jamaica Style Lager" and "The Taste of Jamaica," and the

10  display of the "D&G" logo—which is a reference to the Jamaican brewery Desnoes

11  & Geddes Limited, where the Red Stripe beer had previously been brewed. 2016

12  WL 1367511 at **2-4. Regarding the phrase "The Taste of Jamaica" specifically,

13  the court concluded that this is a "vague and meaningless phrase," as "who can say

14  what Jamaica 'tastes' like?" *Id.* at *4. According to the court, "a reasonable

15  interpretation of the phrase is that the beer is made in a way that people identify

16  with Jamaica (either a particular process and/or a certain recipe) and evokes the

17  spirit or feeling of Jamaica." *Id.*

18       As in *Maeda*, the court in *Dumas* noted that the defendant's Red Stripe

19  packaging included a statement, on the bottom of the packaging, that stated

20  "Brewed and bottled by Red Stripe Beer Company Latrobe, PA." 2016 WL

21  1367511 *3. However, the court found that a reasonable consumer would not be

22  misled by the product packaging, "[e]ven if a consumer cannot be expected to see

23  the language at the bottom of the packaging." *Id.*

24       Two other beer cases, *Nelson* and *Bowring*, both considered the reasonable

25  consumer test under New York's similar consumer protection laws. In *Nelson*, the

26  district court concluded that the defendant's Foster's Beer can labels—sporting

27  "multiple references to Australian culture and symbols, namely an image of a Red

28  Kangaroo, the national symbol of Australia, and the Southern Cross constellation,

which is a main component of the Australian national flag"—were insufficient to mislead a reasonable consumer that the defendant's beer was brewed in Australia. 246 F. Supp. 3d at 670 (internal quotation omitted). In reaching this conclusion, the court relied in part on the presence of the following disclaimer that appeared on all Foster's Beer can labels:

> BREWED AND PACKAGED UNDER THE SUPERVISION OF
> FOSTER'S AUSTRALIA LTD., MELBOURNE AUSTRALIA BY
> OIL CAN BREWERIES, ALBANY GA AND FORT WORTH TX.

Citing the Ninth Circuit's opinion in *Williams*, the court in *Nelson* cited the "general rule" that "disclaimers fail to cure allegedly misleading representations on the front of packaging *only where* the alleged misrepresentation is clearly stated and the disclaimer is exceedingly vague or requires consumers to make inferences." *Id.* (citing *Williams*, 552 F.3d at 939) (emphasis added). The court therefore dismissed the plaintiff's consumer protection claims.

Finally, in *Bowring*, the court rejected, as a matter of law, the plaintiff's allegation that the marketing and labeling of the defendant's Sapporo beer were likely to deceive consumers into thinking that the beer was produced in Japan, when in fact it was brewed in Canada and the United States. The purportedly deceptive marketing and labeling included: the slogans "Sapporo—the Original Japanese Beer" and "Japan's Oldest Brand"; the image of the North Star, a "symbol of pioneers in the area of Sapporo"; and, for beer produced in Canada and sold in the United States, the word "Imported" on the front label. 234 F. Supp. 3d at 388. Nevertheless, the district court found that these "marketing and slogan allu[sions] to [Sapporo's] actual Japanese heritage" were "clearly qualified by the disclaimer" that disclosed the product origin as either Wisconsin, USA or Ontario, Canada on its labels. *Id.* at 391. Notably, the court cited the Southern District of California's *Dumas* case as illustrative. *Id.* at 390.

**B.      Seven Recently Decided But Factually Distinct Geographic Origin Cases Where the Defendants' Motions to Dismiss Were Denied.**

Defendant is aware of seven recent geographic origin cases in which the district courts determined that the plaintiffs *had* sufficiently alleged at the pleading stage that the defendants' product packaging was likely to deceive reasonable consumers. All of these cases are clearly distinguishable from the case at bar.

First, in *Broomfield*, which was analyzed at length by the court in *Maeda*, the district court found that plaintiffs had "adequately alleged that *certain* representations on the six- and twelve-pack packaging of Kona beer are actionable misrepresentations that are likely to deceive a reasonable consumer into thinking that the beer was brewed in Kona, Hawaii." 2017 WL 3838453 at *5 (emphasis added). And the court was very clear as to what those "certain" representations were, namely: "the Hawaiian address, the map of Hawaii identifying Kona's brewery on the Big Island, and the statement 'visit our brewery and pubs whenever you are in Hawaii.'" *Id.* at *6. The court found that these specific representations "do more than evoke the 'spirit' of Hawaii or indicate that the beer is 'Hawaiian-style.'" *Id.* at *7.

The court was also clear as to which representations were *not* actionable misrepresentations. Specifically, the court noted that the phrase "Liquid Aloha" on every package of Kona beer "is akin to the slogan 'The Taste of Jamaica' on the packaging for Red Stripe." *Id.* at *6. Further, "merely referencing Hawaii and its culture on the packaging is not enough on its own to confuse a reasonable consumer regarding the origin of the beer." *Id.* (citing *Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*, 653 F.3d 241, 253 (3d Cir. 2011) (referencing to "Havana Club" on bottle of rum not misleading when the bottle clearly stated the product was "Puerto Rican Rum.").

Notably, like in *Maeda, Dumas, Nelson,* and *Bowring*, the Kona beer packaging at issue in *Broomfield* also included an origination label disclaimer.

However, the Kona disclaimer listed five separate brewery locations—"Kona, HI, Portland, OR, Woodinville, WA, Portsmouth, NH, and Memphis, TN"—which encompassed "all locations where the beers are brewed." *Id.* at *8. But given that none of the Kona bottled or canned beer at issue was actually brewed in Kona, Hawaii, the disclaimer's effectiveness was mitigated. *Id.*

The facts in *Reed* are very similar to those in *Broomfield*, as the packaging for defendant's various Cascadian Farms products all contained a "Skagit Valley emblem," shown below, that included the following phrases: "VISIT OUR HOME FARM," "SKAGIT VALLEY, WA," and "SINCE 1972." 2019 WL 2475706 at **1, 5.



The court noted that this emblem is "much more akin to the packaging in *Broomfield* than the packaging in *Dumas*," as it "indicate[s] a specific place that the Product is produced and that the consumer can visit, . . . not a feeling that the Product is 'similar to' or 'evokes the spirit of' Washington." *Id.* at *6.

Likewise, the plaintiffs in two other beer cases—*Pabst Brewing* and *21st Amendment Brewery*—survived motions to dismiss because of the geographic specificity of the defendants' packaging. First, in *21st Amendment Brewery*, the defendant's beer carton packaging contained a map of the San Francisco Bay Area

"with an 'X' designating where the brewery is located," and the beer's label read

"Brewed & Canned by 21st Amendment Brewery, San Leandro, CA."[2] 2018 WL

452153 at *1. Similarly, in *Pabst Brewing*, the defendant's "Olympia Beer"

labeling displayed the phrase "The Original Olympia Beer," along with an image

depicting waterfalls similar to those at the site of its original brewery near Olympia,

Washington, with the slogan "It's the Water." 2020 WL 5847244 at *3. The district

court reasoned that, unlike the packaging at issue in *Maeda*, which "lacked any

geographic specificity," the Olympia Beer labeling alludes not only to a

geographically specific area, "it also draws on the historical brewing location and

once-unique ingredient in Olympia Beer—the water." *Id.* at *4. This was sufficient

for the court to "draw a reasonable inference that a reasonable consumer would

believe Olympia Beer is brewed with water from the Olympia area of Washington."

*Id.*

　　　Two additional beer cases, *Shalikar* and *Marty*, are also distinguishable.

First, the facts in *Shalikar* were somewhat similar to those in *Bowring*, with the

significant exception that the plaintiff had alleged as part of his complaint the

results of a consumer survey purportedly showing that 86% of respondents believed

the defendant's Asahi beer product was brewed in Japan. 2017 WL 9362139 at *8.

And on a motion to dismiss, the court had to presume the survey results were true.

*Id.* at *7. Second, the Beck's beer label at issue in *Marty* claimed that the beer

"Originated in Germany" with "German Quality" while "Brewed Under the

German Purity Law of 1516." 43 F. Supp. 3d at 134. The court found that these

statements, taken together, could deceive a reasonable consumer into believing that

Beck's beer is still brewed in Germany, in part because the defendant's origin

---

[2] Notably, the district court reasoned that this "Brewed & Canned by 21st Amendment Brewery, San Leandro, CA" label "alone does not seem likely to deceive a reasonable consumer[,] because a reasonable consumer may assume that the brewery's headquarters are in San Leandro, California, without assuming that every beer is brewed in California." 2018 WL 452153 at *5. However, the court noted even if the label alone "is not an independently actionable misrepresentation, it is helpful to the Court's overall contextual analysis." *Id.*

disclaimers were difficult to read, blocked by the beer carton, and not sufficiently descriptive. *Id.* at 1341.

Finally, in *Hesse*, the court noted that the labeling for defendant's Godiva chocolates, shown below, do not say they are "Belgian style," as was the case in *Dumas*; rather, the label states "Belgium 1926" and "Assorted Belgian Chocolate Caramels." 463 F. Supp. 3d at 460, 468.




Further, the court reasoned that although geographic origination "disclosures are not always curative," Godiva's "absence of a disclosure counsels strongly against Godiva's argument." *Id.* at 468.

## III.  PLAINTIFF'S GEOGRAPHIC ORIGIN ALLEGATIONS FAIL THE REASONABLE CONSUMER TEST.

Against the backdrop of the eleven cases discussed *supra*, the Court can discern that the following considerations are relevant in determining whether a plaintiff has plausibly alleged that a defendant's product packaging is likely to deceive reasonable consumers as to geographic origin:

(a)  the geographic specificity of the defendant's representations—such as a map with an "X," a street address, or an invitation to visit a production facility;

(b)  the existence (or not) of a disclosure expressly disclaiming the products' actual geographic origin; and

1      (c)    whether the defendant's representations merely evoke the cuisine,

2              culture, history, people, spirit, or feeling of a country or a place, as in

3              the phrase "A Taste of ___."

4  Applying these considerations to the case at bar, Plaintiff's allegations are

5  inadequate as a matter of law to plausibly allege that the packaging of Defendant's

6  Products is likely to deceive reasonable consumers as to the manufacturing origin

7  of Defendant's *La Banderita* tortillas.

8      First, as concluded by the Southern District of California in *Dumas*,

9  Defendant's "A Taste of Mexico!" phrase is "vague and meaningless," as "who can

10  say what [Mexico] tastes like?" 2016 WL 1367511 at *4; *cf. Hesse*, 463 F. Supp. 3d

11  at 468 (noting a difference between stating a "Belgian-style" (which would not

12  cause a consumer to reasonably conclude that the chocolates were manufactured in

13  Belgium) versus "Belgium 1926"). The only reasonable interpretation of this phrase

14  is that Defendant's *La Banderita* tortillas are "made in a way that people identify

15  with [Mexico] (either a particular process and/or a certain recipe) and evokes the

16  spirit or feeling of [Mexico]," but not that the tortillas are actually made in Mexico.

17  *Dumas,* 2016 WL 1367511 at *4.

18      The same can be said of Defendant's use of various stylized Mexican flags

19  on its Products' packaging and the corresponding brand name "La Banderita,"

20  which means "flag" in Spanish, as well as the use of other Spanish phrases or words

21  used on Defendant's packaging. These uses, like the phrase "Liquid Aloha" in

22  *Broomfield*, are "akin to the slogan 'The Taste of Jamaica' on the packaging for

23  Red Stripe." 2017 WL 3838453 at *6; *see also Maeda*, 407 F. Supp. 3d at 970

24  (dismissing plaintiff's claims related to products' brand name "Hawaiian" and

25  images associated with Hawaii where there were no "specific geographic indicia

26  related to Hawaii (like a map or Hawaiian address) indicating that the product was

27  produced in Hawaii).

28      Indeed, extending Plaintiff's allegations to their logical end, Defendant's use

of the product name "tortilla," by itself, could deceive consumers as to the geographic origin of Defendant's products, given that the "people of Mexico have a long history with tortillas and are generally credited with having perfected the art of making them," with "most of the tortillas in the world being produced in Mexico." (Compl. ¶¶ 3, 13.) Simply put, the "[m]ere evocation of [Mexico], with no additional representations that could deceive a reasonable consumer into believing that a product is made in [Mexico]" is legally insufficient as a matter of law to state a claim for consumer deception. *Maeda*, 407 F. Supp. 3d at 972.

Second, regarding Defendant's use of a circular logo with a stylized Mexican flag overlaid with a depiction of a bull and the word "Authentic," none of the definitions for "authentic" in the Merriam-Webster online dictionary equate to "originate from" or "made in," as Plaintiff would have the Court believe. *See* https://www.merriam-webster.com/dictionary/authentic (last visited December 17, 2020). Rather, "authentic" is defined as "made or done the same way as an original"; and, notably, the example provided by the Merriam-Webster dictionary for that definition is "*authentic* Mexican fare," as shown below. *Id.*

DEFENDANT OLÉ MEXICAN FOODS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME

Finally, and importantly, *all* of Defendant's Products at issue in this case clearly disclose both that *La Banderita* tortillas are "MADE IN U.S.A.," and that they are "Manufactured by: Olé Mexican Foods, Inc., Norcross, GA 30071." (RJN Exs. A-D.) These disclosures are *not* written in fine print or otherwise illegible or hidden in some place on the product packaging where the consumer is unlikely to encounter them at the point of purchase. Rather, both of these disclosures appear right alongside the alleged (mis)representations Plaintiff relies on to support his claims. Given these disclosures, a reasonable consumer would not assume that Defendant's Products are manufactured in Mexico. *See Nelson,* 246 F. Supp. 3d at 370 (dismissing plaintiff's consumer claims where the product contained a statement that it was brewed and packaged in Georgia and Texas); *Bowring,* 234 F. Supp. 3d at 391 (finding marketing and slogan allusions to Japanese heritage were clearly qualified by the disclaimer disclosing that the product origin was either USA or Canada); *Maeda*, 407 F. Supp. 3d at 971, n.8 (dismissing lawsuit on other grounds but noting that the defendant's product also included an origination label identifying Algona, Washington as the product's place of manufacture); *Dumas*, 2016 WL 1367511, at *3 (dismissing lawsuit on other grounds but noting that the defendant's Red Stripe packaging included a statement that the product was "[b]rewed and bottled by Red Stripe Beer Company Latrobe, PA.").

Because Plaintiff cannot show that reasonable consumers are likely to be deceived as to the origin of Defendant's *La Banderita* tortillas, Plaintiff's UCL, FAL, and CLRA claims should be dismissed with prejudice.

## IV.    PLAINTIFF ALSO FAILS TO STATE A CLAIM FOR BREACH OF AN IMPLIED WARRANTY.

Plaintiff's implied warranty claim is predicated on Cal. Comm. Code § 2314(2)(f), which provides that in order for goods to be merchantable, they must "[c]onform to the promises or affirmations of fact made on the container or label if any."

- 17 -

5:20-cv-02324-JGB-SP

1    "To establish a claim for breach of the implied warranty of merchantability,

2    a plaintiff must allege a fundamental defect that renders the product unfit for its

3    ordinary purpose." *Choi v. Kimberly-Clark Worldwide, Inc.*, No.

4    SACV190468DOCADSX, 2019 WL 4894120, at *11 (C.D. Cal. Aug. 28, 2019)

5    (citing *T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d

6    855, 878 (N.D. Cal. 2015)). "Consequently, [a] defendant['s] liability for an

7    implied warranty does not depend upon any specific conduct or promise on [its]

8    part, but instead turns upon whether the[ ] product is merchantable under the code."

9    *Hauter v. Zogarts*, 14 Cal.3d 104, 117, 120 Cal.Rptr. 681, 534 P.2d 377 (1975).

10   The Commercial Code does not "impose a general requirement that goods

11   precisely fulfill the expectation of the buyer. Instead, it provides for a minimum

12   level of quality." *Id.* A plaintiff who claims a breach of the implied warranty of

13   merchantability must show that the product "did not possess even the most basic

14   degree of fitness for ordinary use." *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d

15   877, 896 (C.D. Cal. 2013).

16   In this case, Plaintiff premises his warranty claim on the following

17   allegations: "By advertising the Products with their current packaging, Defendant

18   made an implied promise that the Products are made in Mexico." (Compl. ¶ 85.)

19   Plaintiff misconstrues the nature of a claim for breach of implied warranty.

20   Plaintiff has alleged no facts to suggest the products at issue are defective or unfit

21   for their ordinary purpose as food items or tortillas, but instead claims Defendant

22   failed to deliver on an implied promise that the products were made in Mexico.

23   Plaintiff's claims are therefore improper and fail to satisfy the pleading standard for

24   breach of implied warranty. *See Viggiano*, 944 F. Supp. 2d at 896-97 (holding

25   plaintiff's allegations that defendant falsely advertised a drink as a "premium" diet

26   soda, containing "all natural flavors" are allegations "more suited to a breach of

27   express warranty claim, as they are specific representations made by the product

28   manufacturer rather than characteristics that affect the product's merchantability or

fitness for a particular purpose.").

In addition, no reasonable consumer would rely on and be misled by the representations in the packaging of Defendant's packaging. Further, none of the alleged misrepresentations contained on Defendant's packaging constitute an express or implied promise sufficient to establish an implied warranty of merchantability. *See Broomfield*, 2017 WL 3838453 at *11. Accordingly, Plaintiff's implied warranty claim must also be dismissed.

<b><u>CONCLUSION</u></b>

For the reasons stated above, Plaintiff respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice for failure to state a claim.

Dated:  December 22, 2020

Respectfully submitted,

RILEY SAFER HOLMES & CANCILA LLP


By:  */s/ Meghan R. McMeel*

Meghan R. McMeel
Rachel F. Sifuentes
Joshua L. Roquemore
Attorneys for Defendant
OLE MEXICAN FOODS INC.