1  **FARUQI & FARUQI, LLP**
   Benjamin Heikali (State Bar No. 307466)
2  Email: *bheikali@faruqilaw.com*
   Ruhandy Glezakos (SBN 307473)
3  Email: *rglezakos@faruqilaw.com*
   Joshua Nassir (State Bar No. 318344)
4  Email: *jnassir@faruqilaw.com*
   10866 Wilshire Boulevard, Suite 1470
5  Los Angeles, California 90024
   Telephone: (424) 256-2884
6  Facsimile: (424) 256-2885

7  *Attorneys for Plaintiff and the Putative Classes*

8

9              **UNITED STATES DISTRICT COURT**
10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12  JUAN DE DIOS RODRIGUEZ,              Case No. 5:20-CV-02324-JGB-SP
13  individually and on behalf of all others
    similarly situated,                  [Hon. Judge Jesus G. Bernal]
14
15              Plaintiff,               **CLASS ACTION**

16         v.                            **PLAINTIFF'S OPPOSITION TO
                                         DEFENDANT OLE MEXICAN
17                                       FOODS INC.'S NOTICE OF
    OLÉ MEXICAN FOODS INC.,              MOTION AND MOTION TO
18                                       DISMISS PLAINTIFF'S CLASS
                                         ACTION COMPLAINT**
19              Defendant.
                                         [filed concurrently with the
20                                       Declaration of Benjamin Heikali]

21                                       Date:    March 8, 2021
                                         Time:    9:00 a.m.
22                                       Dept:    Courtroom 1

23

24

25

26

27

28

---

PLAINTIFF'S OPPOSITION TO DEFENDANT OLE MEXICAN FOODS INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................1

II.  STATEMENT OF FACTS ...............................................................................1

III. LEGAL STANDARD ......................................................................................2

IV. ARGUMENT ....................................................................................................3

    A.   The Reasonable Consumer Standard Applies to
          Plaintiff's Consumer Protection Claims ..............................................3

    B.   Reasonable Consumers Are Likely To Be
          Misled By The Representations ............................................................4

    C.   The Court Is Not Constrained by A Rigid Set of Factors......................5

    D.   Each Of The Challenged Representations Are Deceptive......................8

          1.   Defendant's Use of the Phrase "A Taste of Mexico!" ..................8

          2.   Defendant's Use of the Mexican Flag, the phrase
              "La Banderita," and Spanish Phrases ............................................9

          3.   Defendant's Use of a Logo with a Mexican Flag
              and the Word Authentic...............................................................12

    E.   Disclosures on the Back Label of the Products
          Cannot Cure Misrepresentations on the Front Label............................12

    F.   Plaintiff Has Properly Alleged a Claim for Breach of
          Implied Warranty ................................................................................15

V.  CONCLUSION ................................................................................................17

PLAINTIFF'S OPPOSITION TO DEFENDANT OLE MEXICAN FOODS INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re 5-Hour ENERGY Mktg. & Sales Practices Litig.*,
   No. MDL 13-2438 PSG, 2017 WL 385042 (C.D. Cal. Jan. 24, 2017) ..............15

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................................3

*Boswell v. Costco Wholesale Corp.*,
   No. SA CV 16-0278-DOC, 2016 WL 3360701 (C.D. Cal. June 6,
   2016) ................................................................................................................16

*Bowring v. Sapporo U.S.A., Inc.*,
   234 F. Supp. 3d 386 (E.D.N.Y. 2017) ..............................................................14

*Broomfield v. Craft Brew All., Inc.*,
   No. 17-CV-01027-BLF, 2017 WL 3838453 (N.D. Cal. Sept. 1, 2017).5, 7, 9, 10

*In re ConAgra Foods, Inc.*,
   908 F. Supp. 2d 1090 (C.D. Cal. 2012) ............................................................15

*David v. Baker*,
   129 F. App'x 358 (9th. Cir. 2005) ......................................................................3

*Dumas v. Diageo PLC*,
   No. 15CV1681 BTM(BLM), 2016 WL 1367511 (S.D. Cal. Apr. 6,
   2016) ....................................................................................................8, 10, 14, 15

*Ehret v. Uber Techs., Inc.*,
   68 F. Supp. 3d 1121 (N.D. Cal. 2014)................................................................3

*Evans v. DSW, Inc.*,
   No. CV 16-3791-JGB, 2017 WL 7058233 (C.D. Cal. Feb. 2, 2017)..................9

*In re Ferrero Litig.*,
   794 F. Supp. 2d 1107 (S.D. Cal. 2011) .............................................................16

*Hadley v. Kellogg Sales Co.*,
   273 F. Supp. 3d 1052 (N.D. Cal. 2017)......................................................16, 17

ii

*Hauter v. Zogarts*,
    14 Cal. 3d 104 (1975) .........................................................................15

*Hesse v. Godiva Chocolatier, Inc.*,
    463 F. Supp. 3d 453 (S.D.N.Y. 2020) ...........................................*passim*

*Jou v. Kimberly-Clark Corp.*,
    No. C-13-03075 JSC, 2013 WL 6491158 (N.D. Cal. Dec. 10, 2013)...............13

*Lima v. Gateway, Inc.*,
    710 F. Supp. 2d 1000 (C.D. Cal. 2010).................................................7

*Maeda v. Kennedy Endeavors, Inc.*,
    407 F. Supp. 3d 953 (D. Haw. 2019)...................................................14

*Mantikas v. Kellogg Co.*,
    910 F.3d 633 (2d Cir. 2018) ...............................................................14

*Marty v. Anheuser-Busch Cos., LLC*,
    43 F. Supp. 3d 1333 (S.D. Fla. 2014)....................................................7

*McCrary v. Elations Co., LLC*,
    No. EDCV 13–0242 JGB (OPx), 2013 WL 6402217 (C.D. Cal. Apr.
    24, 2013) .....................................................................................3, 5

*Morley v. Walker*,
    175 F.3d 756 (9th Cir. 1999) ................................................................3

*Nelson v. MillerCoors, LLC*,
    246 F. Supp. 3d 666 (E.D.N.Y. 2017)..................................................14

*Opperman v. Kong Techs., Inc.*,
    No. 13-CV-00453-JST, 2017 WL 3149295 (N.D. Cal. July 25, 2017) ............10

*Prime Healthcare Servs., Inc. v. Humana Ins. Co.*,
    230 F. Supp. 3d 1194 (C.D. Cal. 2017)................................................10

*Reed v. Gen. Mills, Inc.*,
    No. C19-0005-JCC, 2019 WL 2475706 (W.D. Wash. June 13, 2019)...........6, 7

*Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*,
    768 F.3d 938 (9th Cir. 2014) ................................................................3

PLAINTIFF'S OPPOSITION TO DEFENDANT OLE MEXICAN FOODS INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

*Saidian v. Krispy Kreme Doughnut Corp.*,
  No. 2:16-cv-08338-SVW, 2017 WL 945083 (C.D. Cal. Feb. 27,
  2017) ................................................................................................ 15

*Shalikar v. Asahi Beer U.S.A., Inc.*,
  No. LA CV17-02713 JAK (JPRx), 2017 WL 9362139 (C.D. Cal. Oct.
  16, 2017) ..................................................................................... *passim*

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) .................................................... 9, 12

*Wasser v. All Mkt., Inc.*,
  No. 16-21238-Civ-Scola, 2017 WL 11139701 (S.D. Fla. Nov. 13,
  2017) ............................................................................................ *passim*

*Williams v. Gerber Prods. Co.*,
  552 F.3d 934 (9th Cir. 2008) ...................................................... *passim*

**Statutes**

Cal. Comm. Code § 2314(2)(f) .............................................................. 15

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ........................................................................... 2

Fed. R. Civ. P. 15 ................................................................................... 17

PLAINTIFF'S OPPOSITION TO DEFENDANT OLE MEXICAN FOODS INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

# I.    INTRODUCTION

This is a straightforward false advertising case alleging that Defendant misleads reasonable consumers into believing that its products are made in Mexico, when in fact, they are not. In response to Plaintiff's allegations, Defendant essentially contends that it is impossible for reasonable consumers to be misled by its numerous representations tying the products to Mexico. However, a mere glance at the images and phrases on the front label of the products, which includes a prominent Mexican flag, belies this assertion. And Defendant's self-serving interpretation of its labels as merely evoking Mexico or Mexican cuisine cannot overcome Plaintiff's more than plausible belief.

Despite the misrepresentations made on the front-label of the products, Defendant also seeks to have this case dismissed by putting the onus on consumers to read the fine print on the back of the products. However, the Ninth Circuit has made it clear that such disclaimers are not sufficient to cure prominent misrepresentations on the front of products. Thus, Plaintiff has more than adequately demonstrated that reasonable consumers could be misled by Defendant's misrepresentations, and at the very least, the question of how consumers interpret the challenged representations is a question of fact which is not suitable for determination at this stage. For these reasons, and as further discussed below, Defendant's Motion to Dismiss ("Mot.") should be denied.

# II.    STATEMENT OF FACTS

Plaintiff Juan De Dios Rodriguez ("Plaintiff") alleges that Defendant Olé Mexican Foods Inc. ("Defendant") uses deceptive images and phrases on the front label of its La Banderita tortilla products to mislead reasonable consumers into believing the tortilla products are made in Mexico, when they are actually made in the United States. ECF No. 1., Class Action Complaint ("Compl.") ¶¶ 1-2. These products are the La Banderita Burrito Grande, La Banderita Sabrosísimas Corn, La Banderita Sabrosísimas Flour, and La Banderita Whole Wheat Fajita (the "Products").

Plaintiff alleges that these Products are misleading because each and every Product has the following representations on the front label of the Products: (a) a large Mexican flag in the center of the label; (b) the phrase "El Sabor de Mexico!" or "A taste of Mexico!"; and (c) the phrase "La Banderita" meaning "the flag." *Id*. ¶ 15. Some of the Products also contain a circular logo with the Mexican flag and the word "Authentic." *Id*. ¶ 16. Additionally, several of the Products also contain Spanish words or phrases such as "Sabrosisimas" and "Tortillas de Maiz" (collectively, the "Representations").[1]

Plaintiff and other consumers saw and relied on these Representations in purchasing the Products. Based on the totality of these Representations and of Defendant's advertising message, Plaintiff and other consumers reasonably believed the Products were made in Mexico. *Id*. ¶¶ 4, 8-10. Had Plaintiff known that the Products were not made in Mexico, he would have paid significantly less for or would not have purchased them. *Id*. As a result, Plaintiff and other consumers have been deceived and suffered an injury. *Id.*

Plaintiff now brings this class action on behalf of himself and all others similarly situated, alleging claims under California's consumer protection statutes and for breach of implied warranty. *Id.* ¶¶ 46-87.

## III.   LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6), it is the defendant's burden to

---

[1] In the "Additional Background" section of its brief, Defendant notes that disclosures regarding its location of manufacture are located on the same side of the label as "the very representations that Plaintiff alleges are misleading." Mot. 3-4; *see also id*. at 17. Notwithstanding the legal irrelevance of any back-label disclosures (addressed *infra* in Section IV.E), Defendant misconstrues Plaintiff's allegations regarding the challenged Representations. Plaintiff is only challenging Representations on the front label of the Products (Compl. ¶¶ 2, 15, 18), where there are no purported disclosures. *See* Def. RJN, Exs. A-D (ECF No. 13-2). While Representations are also on the back of the Products (where Defendant has its purported disclosures), Plaintiff is not challenging these Representations. Thus, there are no purported disclosures that appear alongside the *challenged* Representations on the front label of the Products.

show that plaintiff cannot state a claim for relief. *David v. Baker*, 129 F. App'x 358, 360 (9th. Cir. 2005). The court "must accept as true" all well pleaded facts in the complaint and construe them in the light most favorable to the nonmoving party. *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). To survive a motion to dismiss, the plaintiff must only allege enough facts to "raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A dismissal for failure to state a claim is appropriate only where it appears, beyond a doubt, that plaintiff can prove no set of facts that would entitle it to relief." *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

## IV.   ARGUMENT

### A.   The Reasonable Consumer Standard Applies to Plaintiff's Consumer Protection Claims

California's consumer protection statutes all prohibit false, misleading, or unfair conduct in trade or commerce. Courts apply the "reasonable consumer" standard to determine whether a representation is false or misleading under each of California's false advertising laws. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). A reasonable consumer is "neither the most vigilant and suspicious of advertising claims nor the most unwary and unsophisticated but instead is the ordinary consumer within the target population." *Ehret v. Uber Techs., Inc.*, 68 F. Supp. 3d 1121, 1137 (N.D. Cal. 2014) (internal quotation marks omitted).

Whether a representation is likely to deceive a consumer is almost always a question of fact, not appropriate for resolution on a motion to dismiss. *Williams*, 552 F.3d at 938-39. As such, and as Defendant admits, dismissal of false advertising claims is proper only in a "***rare situation***," where "it [is] ***impossible*** for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Id*. at 939 (emphasis added); *McCrary v. Elations Co., LLC*, No. EDCV 13–0242 JGB (OPx), 2013 WL 6402217, at *6 (C.D. Cal. Apr. 24, 2013) (Bernal, J.) (denying motion to dismiss on grounds that defendant's "advertising claim[] [did] not make it impossible for the plaintiff to prove

-3-

that a reasonable consumer was likely to be deceived") (internal quotation marks omitted).

**B.     Reasonable Consumers Are Likely To Be Misled By The Representations**

This is not one of the "rare situation[s]" where dismissal on the pleadings is appropriate, nor is deception "impossible" here. *Williams*, 552 F.3d at 939. Indeed, it is more than plausible for consumers to believe that Defendant's tortillas are made in Mexico when the front label prominently bears the Mexican Flag in conjunction with the word "Authentic" and the following Mexican representations: "A Taste of Mexico," "La Banderita," and various Spanish phrases. The deceptive effect of Defendant's labeling is only amplified by the inseparable association between tortillas and Mexico, which Defendant certainly takes advantage of.

These Representations, taken in isolation and as a whole, plausibly show that a reasonable consumer could believe that the Products are made in Mexico. In fact, courts have found that similar phrases and representations on product labels, tying a product to a particular country, could plausibly mislead consumers about the geographical origin of a product. *See, e.g., Shalikar v. Asahi Beer U.S.A., Inc.*, No. LA CV17-02713 JAK (JPRx), 2017 WL 9362139, at *3 (C.D. Cal. Oct. 16, 2017) (holding that non-geographic Japanese phrases, including the Japanese "Asahi" brand name and Japanese script, could plausibly mislead consumers into believing the product was made in Japan); *Wasser v. All Mkt., Inc.*, No. 16-21238-Civ-Scola, 2017 WL 11139701, at *4-5 (S.D. Fla. Nov. 13, 2017) (finding that reasonable consumers could be misled by the use of the phrase "Born in Brazil" in "conjunction with [defendant's] association of [the product] with Brazil", which according to plaintiffs' Second Amended Complaint included a label that mimics the colors of the Brazilian flag); *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 467 (S.D.N.Y. 2020) (finding that a reasonable consumer could be misled into believing Godiva chocolates are made in Belgium due to the representation "Belgium 1926" on the label).

-4-

Thus, Plaintiff's allegations more than satisfy the reasonable consumer standard. And because a motion to dismiss should only be granted if it is "impossible" for Plaintiff to demonstrate that the Representations could plausibly deceive reasonable consumers, Plaintiff should be permitted to proceed with his claims. *See e.g.*, *McCrary*, 2013 WL 6402217, at *6; *Williams*, 552 F.3d at 939.

## C.     The Court Is Not Constrained by A Rigid Set of Factors

Defendant dedicates at least half of its Motion to conducting a general survey of eleven product origin cases.[2] Mot. 7-14. It does this to set forth three factors it contends courts consider when examining product origin cases:

(a) the geographic specificity of the defendant's representations—such as a map with an "X," a street address, or an invitation to visit a production facility;

(b) the existence (or not) of a disclosure expressly disclaiming the products' actual geographic origin; and

(c) whether the defendant's representations merely evoke the cuisine, culture, history, people, spirit, or feeling of a country or a place, as in the phrase "A Taste of ____."

*Id*. at 14-15.

To the extent Defendant is arguing, based on its description of the eleven product origin cases, that specific geographic references (e.g., a map, street address) are required in this case, that its purported disclaimers automatically cure its misrepresentations, or that a product cannot both evoke the spirit of a country and

---

[2] Defendant also notes that of the 11 cited cases, Plaintiff's counsel was counsel of record for four of them: *Hesse, Maeda, Shalikar,* and *Broomfield*. Mot. at 7, n.1. To the extent Defendant is suggesting frivolousness, such a suggestion is unfounded. Indeed, Defendant fails to note that all four cases survived motions to dismiss. While the court in *Maeda* dismissed the plaintiffs' statutory false advertising claims under California law, plaintiffs were permitted to proceed with certain claims, and on their motion for class certification, submitted an expert consumer survey showing that approximately 85% of consumers believed the products were made in Hawaii. *See Maeda et al., v. Kennedy Endeavors, Inc. et al*., No. 19-00459 JAO-WRP, ECF No. 96-32 (Declaration and Expert Report of J. Michael Dennis Ph.D) ¶ 21.

PLAINTIFF'S OPPOSITION TO DEFENDANT OLE MEXICAN FOODS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

1  mislead reasonable consumers—courts do not take such a rigid approach.

2      For example, under its first "consideration", it seems that Defendant would have

3  the Court believe that a reasonable consumer could *only* be misled by geographic

4  references like a map with an "X", a street address, or an invitation to visit a production

5  facility (Mot. 14). However, several cases have shown that this is not the case. *See,*

6  *e.g., Shalikar,* 2017 WL 9362139, at *8  (denying motion to dismiss where plaintiff

7  alleged that Japanese characters and script could mislead reasonable consumers to

8  believe product was made in Japan, even when there was no specific reference or

9  invitation to "Japan" on the label); *Hesse*, 463 F. Supp. 3d 453 (denying motion to

10  dismiss false advertising claims challenging "Belgium 1926" on product label, despite

11  nothing on the label expressly stating the products are made in Belgium, a Belgian

12  address, map, or the like); *Wasser*, 2017 WL 11139701, at *5 (denying motion to

13  dismiss based on the phrase "Born in Brazil" and defendant's wider marketing

14  campaign and efforts to associate product with Brazil).

15      Another example regards Defendant's third "consideration," which appears to

16  suggest that a product invoking a country's culture, history, or cuisine cannot also

17  mislead a reasonable consumer. That too is incorrect. Indeed, in *Hesse*, the court

18  addressed defendant's argument that the phrase "Belgium 1926" on Godiva's

19  chocolates was not deceptive because it was an accurate evocation of Godiva's Belgian

20  roots, not the product's geographical place of manufacture. 463 F. Supp. 3d at 467. The

21  court flatly rejected this argument, holding that "an equally, if not more, plausible

22  inference is that the phrase represents *both* the provenance of the company [] and a

23  representation that its chocolates continue to be manufactured there." *Id.*; *see also Reed*

24  *v. Gen. Mills, Inc.*, No. C19-0005-JCC, 2019 WL 2475706, at *5 (W.D. Wash. June

25  13, 2019) ("But the emblem can fairly be read as indicating the current source of the

26  Products, not just their historical roots.").

27      Defendant then goes on to use its factors to isolate each of the challenged

28

-6-

PLAINTIFF'S OPPOSITION TO DEFENDANT OLE MEXICAN FOODS INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

Representations, attempting to fit each Representation into one of its three concocted categories. Mot. 15-16. But addressing each Representation in isolation is inappropriate as courts "view misleading advertisement claims in light of the context of the whole label or advertisement— 'the entire mosaic should be viewed rather than each tile separately.'" *Hesse*, 463 F. Supp. 3d at 466 (quoting *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 238 (2d Cir. 2001)); *see also Lima v. Gateway, Inc.*, 710 F. Supp. 2d 1000, 1007 (C.D. Cal. 2010) ("These statements, however, cannot be considered in isolation because they contribute to the deceptive context of the advertising as a whole.") (citing *Williams*, 552 F.3d at 939 n.3) (explaining that while "'nutritious,' were it standing on its own, could arguably constitute puffery, since nutritiousness can be difficult to measure concretely [] [t]his statement certainly contributes, however, to the deceptive context of the packaging as a whole.") (citation omitted)).

In product origin cases specifically, courts have applied the same principle of viewing advertising in its totality. *See, e.g., Broomfield v. Craft Brew All., Inc.*, No. 17-CV-01027-BLF, 2017 WL 3838453, at *7 (N.D. Cal. Sept. 1, 2017) (looking at product origin representations "together in context"); *Reed*, 2019 WL 2475706, at *4-5 (looking at "Cascadian Farm" brand name in "light of the corresponding Skagit Valley emblem" because "the Court is skeptical that each allegedly deceptive feature [about product origin] should be analyzed in isolation."); *Marty v. Anheuser-Busch Cos., LLC*, 43 F. Supp. 3d 1333, 1342 (S.D. Fla. 2014) (assessing the challenged product origin representations in conjunction with one another).

Thus, Defendant should not be permitted to divide and conquer Plaintiff's allegations by isolating the Representations and having the Court examine them in a vacuum. Rather, the Representations should be viewed as a whole, which in this case, show that reasonable consumers could be misled.

/ / /

/ / /

-7-

**D.      Each Of The Challenged Representations Are Deceptive**

      1.      <u>Defendant's Use of the Phrase "A Taste of Mexico!"</u>

     Although Defendant improperly challenges Plaintiff's claims by isolating the Representations, its individualized challenges are still unavailing. For example, it states that the phrase "A Taste of Mexico!" could not mislead reasonable consumers because the court in *Dumas* found such phrases to be "vague and meaningless[.]" Mot. 15 (citing *Dumas v. Diageo PLC*, No. 15CV1681 BTM(BLM), 2016 WL 1367511, at *4 (S.D. Cal. Apr. 6, 2016)). Based on this, Defendant argues that the only reasonable interpretation of the phrase is that the Products are "made in a way that people identify with [Mexico] (either a particular process and/or a certain recipe) and evokes the spirit or feeling of [Mexico]," but not that the tortillas are actually made in Mexico. *Id*. Defendant is incorrect for two reasons.

     First, Defendant's reliance on *Dumas* is misplaced. In *Dumas*, the representations clearly indicated that the beer was not actually brewed in Jamaica. *Dumas*, 2016 WL 1367511, at *1. While the court found that the phrase "Jamaican Style Lager" could not plausibly deceive consumers into believing the beers were made in Jamaica, the court was exceedingly clear that the word "Style" in the representation was determinative, and without "Style", the outcome would likely be different. *Id.* at *4 ("Clearly, 'Jamaican' modifies the word 'Style' not 'Lager.' The very fact that the word 'style' is used indicates that the product is *not* from Jamaica."); *see also Hesse*, 463 F. Supp. 3d at 468 (distinguishing the case from *Dumas* given the word "Style" and noting that "the absence of a disclosure counsels strongly against [defendant's] argument."). Here, the Products do not say "Mexican Style" or anything to that effect. Indeed, as the court held in *Wasser*, there is nothing which informs consumers the tortillas are not from Mexico. *Wasser*, 2017 WL 11139701, at *5 ("[T]here is nothing on [the product's] packaging to indicate that 'Born in Brazil' refers to anything other than the product contained in the package.").

     Second, as discussed above, Defendant fails to explain how its Products can

-8-

evoke the spirit and feeling of Mexico, but not to the extent that a consumer would reasonably believe that the tortillas are *also* made in Mexico. Put simply, Defendant ignores the possibility that the Representations have the effect of *both* invoking Mexico *and* leading a reasonable consumer to believe the Products are made there. The two are not mutually exclusive. *See Hesse*, 463 F. Supp. 3d at 467 ("an equally, if not more, plausible inference is that the phrase represents both the provenance of the company [] and a representation that its chocolates continue to be manufactured there.").

In any event, how a consumer interprets a particular representation, such as the phrase "A Taste of Mexico!" is a question of fact that should be addressed by the trier of fact after sufficient discovery. *See Evans v. DSW, Inc.*, No. CV 16-3791-JGB (SPx), 2017 WL 7058233, at *8 (C.D. Cal. Feb. 2, 2017) (Bernal, J.) ("Accordingly, the Court will not delve into the issues of fact going to the heart of the dispute on a motion to dismiss—namely, whether reasonable consumers would find DSW's reference prices to be misleading or deceptive."). Therefore, to the extent the Court finds that Defendant's interpretation may also be plausible, the Court should still reject Defendant's motion. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (when "there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss [unless] defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible.").

    2.    Defendant's Use of the Mexican Flag, the phrase "La Banderita," and Spanish Phrases

Defendant attempts to make a similar argument regarding its use of the Mexican flag, the phrase "La Banderita", and its use of Spanish phrases. It states that these representations, like the phrase "Liquid Aloha" in *Broomfield*, are "akin to the slogan 'The Taste of Jamaica' on the packaging for Red Stripe." Mot. 15. Again, Defendant contends that these representations merely evoke Mexico, and with no additional representations, could not deceive a reasonable consumer into believing that a product

-9-

is made in Mexico. *Id.* at 16 (citing *Maeda v. Kennedy Endeavors, Inc.*, 407 F. Supp. 3d 953, 972 (D. Haw. 2019)).

First, the representations are not similar to the phrase "Liquid Aloha." This phrase does not specifically reference Hawaii and—in isolation—does not convey that a product is made in Hawaii. *See Broomfield*, 2017 WL 3838453, at *6. In comparison, there is no question that Mexican flag on the Products references Mexico, and that in conjunction with the other Representations, can plausibly lead consumers to believe that the Products are made in Mexico. As to the phrase "The Taste of Jamaica", the Representations in this case differ in an important way. As discussed above, the *Dumas* court stated unequivocally that this phrase "[w]hen viewed ***together*** with the phrase 'Jamaican Style Lager[.]'" could not mislead a reasonable consumer. *See Dumas*, 2016 WL 1367511, at *4. Here, the Products do not say "Mexican-Style" or anything to that effect, and thus, *Dumas* does not preclude Plaintiff's claims.[3]

In fact, other courts have found similar representations to be plausibly misleading. For example, in *Wasser*, plaintiffs alleged that defendant's "Born in Brazil" representation "in conjunction with [defendant's] association of [the product] with Brazil" could plausibly mislead consumers into believing the product was made in Brazil. 2017 WL 11139701, at *4-5. According to plaintiffs' Second Amended Complaint, the product's association with Brazil included a product label that mimics the colors of the Brazilian flag, and a website with the Brazilian flag. *See id.*, No. 16-21238-CIV, ECF No. 93 ¶¶ 2, 34. Although defendant argued that its geographic references ("Born in Brazil") were only meant to invoke the product's Brazilian

---

[3]Indeed, Defendant knows the importance of using the phrase "Mexican Style" to clarify a product's origin because it uses this language on its other products (e.g. Defendant's "Mexican Style Cream"). *See https://olemex.com/products/mexican-style-cream/#:~:text=Perfect%20for%20any%20savory%20Mexican,easier%20than%20ever%20to%20use!.* Judicial notice of Defendant's publicly available website is appropriate. *See Prime Healthcare Servs., Inc. v. Humana Ins. Co.*, 230 F. Supp. 3d 1194, 1200-01 (C.D. Cal. 2017) (granting judicial notice of pages publicly available on defendant's website); *Opperman v. Kong Techs., Inc.*, No. 13-CV-00453-JST, 2017 WL 3149295, at *4 (N.D. Cal. July 25, 2017) (same).

heritage, the court found the argument unpersuasive and held that it would "not consider the statement 'Born in Brazil' in a vacuum, but" also look at defendant's "wider marketing campaign, and [their] efforts to associate [the product] with Brazil." 2017 WL 11139701, at *5. The court further stated, "[a]s alleged, 'Born in Brazil' is a statement of origin . . . . rather than a reference to [the product's] Brazilian heritage, as the Defendant suggests. Indeed, there is nothing on [the product's] packaging to indicate that 'Born in Brazil' refers to anything other than the product contained in the package." *Id*. In this case, just as in *Wasser*, the Representations as a whole communicate that the Products are made in Mexico, and nothing on the front label dispels that notion.

The holding in *Shalikar* also favors Plaintiff's position. *See* 2017 WL 9362139, at *7. In *Shalikar*, defendant sold a beer product that contained the following representations: (i) the product name "Asahi", which means "morning sun" in Japanese; (ii) the Japanese Katakana script which in Japanese is pronounced "Asahi beer"; (iii) the Japanese Katakana script which in Japanese means "Super Dry"; and (iv) the Japanese Kanji characters which in Japanese are pronounced "Karakuchi," and mean "dry taste". *Id*. The court held that such representations could reasonably mislead a consumer to believe that the product was made in Japan. Notably, nothing on the beer labels expressly stated that the products were brewed in Japan. Furthermore, the court did not require the geographic references that Defendant has highlighted from other cases, like a map with an "X," a street address, or an invitation to visit a production facility.

In sum, the Representations (including the Mexican flag, phrase La Banderita, and Spanish phrases) are sufficient to show that reasonable consumers could be misled, and Defendant's attempt to challenge these representations individually is unsuccessful.

PLAINTIFF'S OPPOSITION TO DEFENDANT OLE MEXICAN FOODS INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

3.  <u>Defendant's Use of a Logo with a Mexican Flag and the Word Authentic.</u>

Defendant contends that its use of a logo containing a Mexican flag and the word "Authentic" could not reasonably mislead consumers because none of the definitions for "Authentic" in the Merriam-Webster online dictionary equate to "originate from" or "made in". Mot. 16.  This argument misses the mark. Plaintiff is not alleging that Defendant's use of the word "Authentic" in and of itself is misleading because it equates to "originate from" or "made in". Rather, the use of "Authentic" is misleading because based on the ***totality*** of the front label, and in conjunction with the other Representations such as the Mexican flag, consumers could reasonably view the word "Authentic" as a confirmation that the Products are authentic tortillas made in Mexico.

In any event, a selective citation to one dictionary definition is not dispositive based on the reasonable consumer standard. While a dictionary definition can shed light on the common usage of a word, ultimately the relevant inquiry is how a reasonable ***consumer*** understands the word "authentic" in the context of the label specifically at issue here. And as courts have recognized, this is usually a question of fact not appropriate for decision on a motion to dismiss. *Williams*, 552 F.3d at 938. At most, Defendant's interpretation of the word is a competing theory that is not "so convincing that plaintiff's explanation is implausible." *See Starr*, 652 F.3d at 1216 (when "there are two alternative explanations . . . plaintiff's complaint survives a motion to dismiss [unless] defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible."). Thus, the Court should not dismiss Plaintiff's claims because he has plausibly demonstrated that the word Authentic, when combined with Defendant's other Representations, could mislead reasonable consumers.

**E.  Disclosures on the Back Label of the Products Cannot Cure Misrepresentations on the Front Label**

Lastly, Defendant argues that all of Defendant's Products clearly disclose both that La Banderita tortillas are "Made in U.S.A," and that they are "Manufactured by:

-12-

Olé Mexican Foods, Inc., Norcross, GA 30071." Mot. 17. But Defendant's reliance on these purported back-label disclosures is unavailing.

First, Defendant's purported disclosures are only on the back of the Products. *See* Def. RJN Exs. A-D (ECF Nos. 13-2 to 13-5). As the Ninth Circuit makes clear, disclosures on a product's back-label do not cure misleading representations on the product's front-label because a reasonable consumer is not "expected to look beyond misleading representations on the front of the box to discover the truth" in fine print on the back label. *See Williams*, 552 F.3d at 939. Rather, consumers rightfully expect that affirmative representations on the front label will only be confirmed by information in other areas of the label. *Id.* at 939-40; *see also Jou v. Kimberly-Clark Corp.*, No. C-13-03075 JSC, 2013 WL 6491158, at *9 (N.D. Cal. Dec. 10, 2013) (holding that under *Williams*, a "[d]efendant cannot rely on disclosures on the back or side panels of the packaging to contend that any misrepresentation on the front of the packaging is excused"). Thus, Defendant's purported disclosures do not cure the misrepresentations on the front label of the Products.  At the very least, the impact of the back-label statements should not be considered until a later stage. *See Shalikar*, 2017 WL 9362139, at *7-8 (refusing to consider the effect of geographical disclosures on the front labeling of purportedly Japanese beer products, holding that "[t]he effect of the disclosures cannot be determined as a matter of law on the present record.").

Defendant seeks to circumvent *Williams* by arguing that the disclosures are not in some place on the product packaging where the consumer is unlikely to encounter them, but instead, appear right alongside some of the challenged Representations on the back label. Mot. 17. As discussed in Footnote 1 *supra*, Defendant misconstrues Plaintiff's allegations regarding the challenged Representations. First, Plaintiff does not allege to have reviewed the back label in making his purchase decision. Furthermore, Plaintiff is only challenging the Representations on the *front* label of the Products. Compl. ¶¶ 2, 15, 18. While certain Representations are also on the back of

-13-

the Products (where Defendant has its purported disclosures), Plaintiff is not challenging these Representations. Thus, there are no purported disclosures that appear alongside the *challenged* Representations on the front label of the Products.

Defendant's reliance on *Nelson* and *Bowring* is misplaced. Mot. 17. In those cases, the disclosures were clearly visible to consumers. *See Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 674 (E.D.N.Y. 2017) (explaining that *Williams* did not cover the situation at hand, where the disclosure is in "close proximity" to the purportedly misleading representations); *Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 391-92 (E.D.N.Y. 2017) (explaining that the Japanese representations on the product were "clearly qualified by the disclaimer" which "appears in contrasting, visible font, and states in clear language where the product is produced."). Furthermore, both cases were decided before *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018), where the Second Circuit recently adopted the Ninth Circuit's longstanding principle that "[r]easonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Id.* at 637 (quoting *Williams*, 552 F.3d at 939). Here, Defendant's purported disclosures are in fine print on the back of the Products, and are anything but close to the disclosures, as they were in *Nelson* and *Bowring*. Furthermore, the Second Circuit now takes the well-established *Williams* approach in the Ninth Circuit. Thus, the reasoning set forth in *Nelson* and *Bowring* is both distinguishable and no longer appropriate.

Defendant also cites to *Maeda* and *Dumas*, but as Defendant admits, neither case based its ruling on defendant's purported disclaimers. The court in *Maeda* specifically stated that "the presence of the Washington address on the back of the packaging does not factor into the Court's analysis." *Maeda*, 407 F. Supp. 3d at 970 n.8. Similarly, in *Dumas*, defendant's purported disclaimer was a non-factor because the court found that the alleged misrepresentations—on their own—could not mislead reasonable

-14-

consumers. *See Dumas*, 2016 WL 1367511, at *3. Thus, these cases offer little support to Defendant's position.

Accordingly, Defendant's purported disclaimers do not cure the front label Representations.

**F.    Plaintiff Has Properly Alleged a Claim for Breach of Implied Warranty**

Defendant contends that Plaintiff fails to state a claim for breach of implied warranty because he has alleged no facts to suggest that the Products are defective or unfit for their ordinary purposes as food items or tortillas. Mot. 18.

First, Defendant misunderstands Plaintiff's claim for breach of implied warranty. Plaintiff explicitly alleges a violation of California Commercial Code § 2314(2)(f), which provides that "[g]oods to be merchantable must . . . [c]onform to the promises or affirmations of fact made on the container or label if any." Compl. ¶ 83 (citing Cal. Comm. Code § 2314(2)(f)). As recognized by the courts, proof that products are not merchantable under either prong of § 2314 (including § 2314(2)(f)) is sufficient to state a claim for breach of implied warranty. *See In re ConAgra Foods, Inc.*, 908 F. Supp. 2d 1090, 1111-12 (C.D. Cal. 2012); *see also In re 5-Hour ENERGY Mktg. & Sales Practices Litig.*, No. MDL 13-2438 PSG (PLAx), 2017 WL 385042, at *12 (C.D. Cal. Jan. 24, 2017) ("there are multiple prongs under which Plaintiffs can state an implied warranty claim under [California implied warranty law]."); *Saidian v. Krispy Kreme Doughnut Corp.*, No. 2:16-cv-08338-SVW (AFMx), 2017 WL 945083, at *4 n.3 (C.D. Cal. Feb. 27, 2017) (same). Thus, because the Products are not made in Mexico, as promised and advertised on the Products' labeling and packaging, Defendant has breached its implied warranty of merchantability under § 2314(2)(f). Compl. ¶ 85; *see Hauter v. Zogarts*, 14 Cal. 3d 104, 117-18 (1975) (the implied warranty of merchantability has several meanings, including that the product must conform to the promises or affirmations of fact made on the container or label). Furthermore, there is no need to demonstrate that the Products are defective or unfit

-15-

for their ordinary purposes because Plaintiff does not allege a violation of that prong (§ 2314(2)(c)).[4]

Defendant further states that none of the Representations on the front label of the Products constitute an express or implied promise sufficient to establish an implied warranty of merchantability. Mot. 18 (citing *Broomfield*, 2017 WL 3838453, at *11). Not so. Plaintiff alleges that Defendant's use of the Mexican Flag, the word "Authentic", the phrase "A Taste of Mexico!", the phrase "La Banderita", and Spanish descriptions constitute an implied promise that the Products are made in Mexico, when in fact, they are not. Compl. ¶ 85. Several courts have found similar allegations to constitute a promise sufficient to establish an implied warranty claim. *See In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1118 (S.D. Cal. 2011) (denying motion to dismiss breach of implied warranty claim where plaintiff alleged that defendant deceptively represented in its advertising that the product was "an example of a healthy and balanced breakfast", and a "healthy" "nutritious" breakfast food); *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1084 (N.D. Cal. 2017) (denying motion to dismiss implied warranty claim where plaintiff alleged that defendant had deceptively advertised its product as "nutritious" and "wholesome"); *Boswell v. Costco Wholesale Corp.*, No. SA CV 16-0278-DOC (DFMx), 2016 WL 3360701, at *1 (C.D. Cal. June 6, 2016) (denying motion to dismiss implied warranty claim based on representations like "For centuries the coconut tree has been called 'the tree of life'"). At the very least, whether Defendant's Representations constitute a warranty is a question of fact. Indeed, as noted by the court in *Hadley*, "what statements constitute affirmations of fact is better suited for a determination following a motion to dismiss. For the purpose

---

[4] The fact that Defendant misunderstands this point is not surprising as counsel for Defendant failed to meet and confer with Plaintiff's counsel about the substance of this motion prior to filing it. Declaration of Benjamin Heikali ("Heikali Decl.") ¶ 3. Not only is this a clear violation of this District's requirements (L.R. 7-3), but such a conference by counsel for the parties could have avoided much of Defendant's confusion on the points discussed in this section and throughout Plaintiff's Opposition.

PLAINTIFF'S OPPOSITION TO DEFENDANT OLE MEXICAN FOODS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

1   of the instant motion, the Court must take the 'factual allegations in the complaint as

2   true and construe the pleadings in the light most favorable to the nonmoving party.'"

3   *Hadley*, 273 F. Supp. 3d at 1095 (quoting *Manzarek v. St. Paul Fire & Marine Ins. Co.*,

4   519 F.3d 1025, 1031 (9th Cir. 2008).

5          For these reasons, Plaintiff should be permitted to proceed with his claim for

6   breach of implied warranty because the Products are not made in Mexico, contrary to

7   Defendant's implied promise on the front label of the Products.

8   **V.     CONCLUSION**

9          For the foregoing reasons, Plaintiff respectfully requests that the Court deny

10  Defendant's Motion in its entirety. However, if the Court is inclined to grant any part

11  of Defendant's Motion, Plaintiff respectfully requests leave to amend pursuant to Rule

12  15.

13

14

15   Dated: January 29, 2021                    **FARUQI & FARUQI, LLP**

16

17                                              By:  */s/ Benjamin Heikali*
                                                     Benjamin Heikali

18

19                                              Benjamin Heikali (SBN 307466)
                                                Email:  *bheikali@faruqilaw.com*

20                                              Attorney for Plaintiff
                                                Juan De Dios Rodriguez

21

22

23

24

25

26

27

28

-17-

PLAINTIFF'S OPPOSITION TO DEFENDANT OLE MEXICAN FOODS INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT