UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 20-2324 JGB (SPx) | Date | April 22, 2021 |
| Title | *Juan de Dios Rodriguez v. Olé Mexican Foods Inc.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Defendant's Motion to Dismiss (Dkt. No. 13); and (2) VACATING the April 26, 2021 Hearing (IN CHAMBERS)

Before the Court is a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Olé Mexican Foods. ("Motion," Dkt. No. 13.) The Court determines this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court DENIES Defendant's Motion. The April 26, 2021 hearing is VACATED.

## I. BACKGROUND

On November 6, 2020, Plaintiff Juan De Dios Rodriguez filed a class action complaint against Defendant Olé Mexican Foods Inc. ("Olé"). ("Complaint," Dkt. No. 1.) The Complaint alleges causes of action for: (1) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq.; (2) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq.; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; and (4) breach of implied warrant under Cal. Com. Code § 2314. (See Compl.)

On December 22, 2020, Defendant filed this Motion, along with a request for judicial notice.[1] ("RJN," Dkt. No. 14.) Plaintiff filed his Opposition on January 29, 2021. ("Opposition," Dkt. No. 17.) Defendant replied on February 19, 2021. ("Reply," Dkt. No. 18.)

## II. FACTUAL ALLEGATIONS

Plaintiff alleges the following facts. Defendant Olé Mexican Foods, Inc. is based in Norcross, Georgia. (Compl. ¶ 11.) It sells a line of products under the name La Banderita, which includes tortillas, chorizo, chips, and salsas. (Id.) This action concerns the following tortilla products: La Banderita Burrito Grande, La Banderita Sabrosísimas Corn, La Banderita Sabrosísimas Flour, and La Banderita Whole Wheat Fajita (the "Products"). Defendant is responsible for the manufacturing, packaging, marketing, distribution, and sale of the Products in California. (Id.)

Plaintiff Juan De Dios Rodriguez, who resides in Victorville, California, purchased La Banderita Burrito Grande flour tortillas and La Banderita Sabrosísimas Corn tortillas at El Super grocery store in Victorville, California. (Id. ¶ 8.) Plaintiff saw and relied on Defendant's references to the Mexican flag, the phrase "El Sabor de Mexico!" or "A Taste of Mexico!", the brand name "La Banderita," and the Spanish phrase "Tortillas de Maiz" on the label of the Corn tortillas. (Id.) Plaintiff believed he was purchasing tortillas made in Mexico, and would not have purchased them or would have paid significantly less had he known that they were not made in Mexico. (Id. ¶ 9.) However, the tortillas were not made in Mexico. (Id. ¶¶ 9, 23.)

Regardless of size or variety, all the Products contain the same representations concerning Mexican origin: (a) the phrase "El Sabor de Mexico!" or "A Taste of Mexico!"; (b) a Mexican flag on the front and center of the packaging; and (c) the brand name "La Banderita" (or "the flag"), a reference to the Mexican flag displayed prominently on the Products. (Id. ¶ 15.) Some of the Products also contain a circular logo with the Mexican flag and the word "Authentic." (Id. ¶ 16.) Several Products also contain Spanish words or phrases, such as "Sabrosísimas" or "Tortillas de Maiz." (Id.)

Plaintiff alleges that Defendant deceptively labeled and packaged the Products to target consumers who are interested in purchasing tortillas and other products from Mexico. (Id. ¶ 20.) Plaintiff brings this case on behalf of California citizens who purchased any of the Products within the relevant statute of limitations periods. (Id. ¶¶ 27-28.)

//
//
//

---

[1] Exhibits A through D are properly subject to judicial notice because they are incorporated by reference into the Complaint, and their authenticity is not disputed. See Knievel v. ESPN, 393 F.3d 1068, 1076 (2005); Shalikar v. Asahi Beer U.S.A., Inc., 2017 WL 9362139, at *2 (C.D. Cal. Oct. 16, 2017). The Court therefore GRANTS Defendant's RJN.

# III. LEGAL STANDARD

## A. Failure to State a Claim (Fed. R. Civ. P. 12(b)(6))

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Horosny v. Burlington Coat Factory, Inc., No. 15–05005, 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## B. Leave to Amend

Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has held that "'[t]his policy is to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). Despite this liberal standard, leave to amend may be denied if amendment

would be futile to rectify the deficiencies in a pleading.  Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008).

## IV.  DISCUSSION

Defendant seeks to dismiss the action, arguing that (1) Plaintiff's consumer protection claims fail because they do not meet the reasonable consumer test, and (2) Plaintiff fails to state a claim for breach of implied warranty because he does not allege that the representations were promises or affirmations of fact, or that there is vertical privity.  (Mot.)  For the reasons described below, the Court disagrees.

### A.  UCL, CLRA, and FAL claims

Defendant first argues that Plaintiff's geographic origin allegations fail the reasonable consumer test.  (Mot. at 14.)  To state a claim under the UCL, FAL, or CLRA, a plaintiff must allege the defendant's purported misrepresentations are likely to deceive a reasonable consumer. See Williams v. Gerber Products Co., 552 F.3d 934, 938 (9th Cir. 2008) (explaining that unless the advertisement at issue targets a particularly vulnerable group, courts must evaluate claims for false or misleading advertising from the perspective of a reasonable consumer); see also Reid v. Johnson & Johnson, 780 F.3d 952, 958 (9th Cir. 2015) ("It is true that violations of the UCL, FAL, and CLRA are evaluated from the vantage point of a 'reasonable consumer.'").  Plaintiffs must allege "more than a mere possibility that [Defendant's] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'"  Ebner v. Fresh, Inc., 838 F.3d 958, 965 (9th Cir. 2016) (quoting Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496, 508 (2003)).  Rather, plaintiffs must plausibly allege "a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled."  Id.  However, although reasonableness can, in appropriate circumstances, be decided as a question of law, "California courts ... have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on [a motion to dismiss]."  Williams, 552 F.3d at 938 (internal citation omitted).  Dismissal is only appropriate where it would be "impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived" based on what is alleged.  Id. at 939.

Plaintiff alleges that several representations on the Product labels are likely to lead reasonable consumers to mistakenly believe that the Products are made in Mexico:  (a) the phrase "El Sabor de Mexico!" or "A Taste of Mexico!"; (b) a Mexican flag on the front and center of the packaging; (c) the brand name "La Banderita" (or "the flag"); (d) a circular logo with the Mexican flag and the word "Authentic"; and (e) Spanish words and phrases, such as "Sabrosísimas" or "Tortillas de Maiz."  (Id. ¶¶ 15-16.)

Defendant surveys "geographic origin" decisions to derive a series of relevant considerations in determining whether a plaintiff has plausibly alleged that a product packaging is likely to deceive reasonable consumers as to the Product's geographic origin.  (Mot. at 6-7 (listing cases), 14.)  According to Defendant, these factors include: (a) the geographic specificity of the

defendant's representations, (b) the existence of a disclosure expressly disclaiming the products' actual geographic origin, and (c) whether the defendant's representations merely evoke the cuisine, culture, history, people, spirit, or feeling of a country or a place.  (Id.)  Here, Defendant argues that the La Banderita Products (a) do not make any specific geographic references (other than "MADE IN U.S.A." and "Manufactured by: Olé Mexican Foods, Inc., Norcross, GA 30071"); b) merely invokes the spirit of Mexico with "A Taste of Mexico" and the "LA BANDERITA AUTENTICA" logo with a Mexican flag; and (c) clearly discloses the city, state, and country of manufacture.  Defendant argues that together these factors show the implausibility of Plaintiff's claims.  (Reply at 4.)

Plaintiff counters that phrases and representations similar to those here have been found to plausibly mislead consumers about the product's geographical origin.  For instance, in Shalikar v. Asahi Beer U.S.A., Inc., the court found that prominent Japanese phrases, script, and characters in the product label could give rise to a reasonable inference that the products were produced in Japan, even where the labels included a disclosure that the product was brewed in Canada and did not include any specific geographic reference.  2017 WL 9362139, at *7-*8 (C.D. Cal. Oct. 16, 2017).  In Hesse v. Godiva Chocolatier, Inc., the Court considered that the representation "Belgium 1926" could mislead consumers into believing that the products were manufactured in Belgium, despite nothing on the label stating that the products were made in Belgium, or any other specific geographic references.  463 F. Supp. 3d 453, 467 (S.D.N.Y. 2020).  These cases undermine the broad applicability of Defendant's proposed factors.

Defendant's authorities to the contrary are distinguishable and/or unpersuasive.  For instance, Defendant heavily relies on Dumas v. Diageo PLC, which rejected that the phrase "The Taste of Jamaica" could mislead consumers into believing the beer products at issue were brewed in Jamaica.  The court noted that "The Taste of Jamaica" is a "vague and meaningless phrase," as "who can say what Jamaica 'tastes' like?"  2016 WL 1367511, at *4 (S.D. Cal. Apr. 6, 2016).  However, as Plaintiffs point out, the court considered that the packaging prominently stated "Jamaican Style Lager," and that the word "style" indicated the product was not from Jamaica.  Indeed, the court noted that "[w]hen used with a geographic term to describe food or drink, the word 'type' means that the food or drink is prepared in a fashion that is similar to or reminiscent of that used in the identified geographic area."  Id.  Thus, "[w]hen viewed together with the phrase 'Jamaican Style Lager,' a reasonable interpretation of the phrase ['The Taste of Jamaica'] is that the beer is made in a way that people identify with Jamaica (either a particular process and/or a certain recipe) and evokes the spirit or feeling of Jamaica."  Id. (emphasis added).  Here, there is no such indication about "style" that would similarly suggest that the Products are not from Mexico.

Moreover, even if the representations at issue do in fact serve to "evoke[] the spirit or feeling of [Mexico]," as Plaintiff points out, they may also mislead a reasonable consumer.  See, e.g., Hesse v. Godiva Chocolatier, Inc., 463 F. Supp. 3d 453, 467 (S.D.N.Y. 2020) ("[A]n equally, if not more, plausible inference is that the phrase represents both the provenance of the company [] and a representation that its [Products] [are] manufactured there.").  When "there are two alternative explanations … plaintiff's complaint survives a motion to dismiss … [unless]

defendant's plausible alternative explanation is so convincing that plaintiff's explanation is implausible." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Thus, while the Court finds Defendant's survey useful, it is not persuaded by Defendant's proposed framework. Rather, after considering "the context of the whole label or advertisement," Hesse, 463 F. Supp. 3d at 467, the Court finds that here, as in Shalikar and Hesse, the Complaint alleges "a probability that a significant portion of the general consuming portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." Ebner, 838 F.3d at 965. Plaintiff plausibly alleges that the representations and images in the labels of the Products are misleading by causing a reasonable consumer to believe that the Products are made in Mexico. These include phrases like "A Taste of Mexico," a Mexican flag front and center, the brand name "La Banderita," a Mexican flag with the word "Authentic," and other Spanish words and phrases, such as "Sabrosísimas" or "Tortillas de Maiz." (Compl. ¶¶ 15-16.)

Although the Products include disclosures in the back of the label that the tortillas are "Made in the U.S.A." and manufactured in Norcross, GA (RJN Exs. A-D, Mot. at 17), the alleged misrepresentations are prominently displayed in the front label, and the Ninth Circuit has noted that a reasonable consumer is not "expected to look beyond misleading representations on the front of the box to discover the truth." Williams, 552 F.3d at 939; see also Jou v. Kimberly-Clark Corp., 2013 WL 6491158, at *9 (N.D. Cal. Dec. 10, 2013) (a "[d]efendant cannot rely on disclosures on the back or side panels of the packaging to contend that any misrepresentation on the front of the packaging is excused"). In any event, while Defendant counters that these disclosures are not "back-label" or "fine-print," the Court finds that "[t]he effect of the disclosures cannot be determined as a matter of law on the present record." Shalikar, 2017 WL 9362139, at *8. Thus, "the facts of this case … do not amount to the rare situation in which granting a motion to dismiss is appropriate." Williams, 552 F.3d at 939.

The Court therefore DENIES Defendant's Motion as to Plaintiff's UCL, CLRA, and FAL claims.

## B. Breach of Implied Warranty

Defendant next argues that Plaintiff's implied warranty claim fails because the Complaint fails to allege actionable affirmations of fact or privity. (Reply at 10-11.) California Commercial Code § 2314(2)(f) provides that "[g]oods to be merchantable must . . . [c]onform to the promises or affirmations of fact made on the container or label if any." Plaintiff alleges that because the Products are not made in Mexico, as Defendant represents on the Products' labeling and packaging, Defendant has breached its implied warranty of merchantability under Section 2314(2)(f). (Mot. at 15; Compl. ¶ 85.)

Defendant argues that Plaintiff fails to allege that the Product contains any affirmations of fact as to the place where the product was made. (Reply at 9.) The Court disagrees. Plaintiff alleges that Defendant's representations (including the use of the Mexican flag, the word

"Authentic," the phrases "A Taste of Mexico! " and "La Banderita," and other Spanish descriptions) constitute an implied promise that the Products are made in Mexico. (Compl. ¶ 85.)  Defendant argues that these statements are not enough to imply a promise that the tortillas were made in Mexico.  (Reply at 9.)  However, to the extent that the parties disagree on the proper interpretation of the representations and whether they constitute an affirmation of fact, that is a question of fact that is premature at the pleading stage.  See Hadley v. Kellogg Sales Co., 273 F. Supp. 3d 1052, 1095 (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008)); McDonnell Douglas Corp. v. Thiokol Corp., 124 F.3d 1173, 1176 (9th Cir. 1997).

Defendant next argues that Plaintiff has failed to plead privity.  California law requires that a plaintiff asserting a claim for breach of the implied warranty "stand in vertical contractual privity with the defendant."  Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1023 (9th Cir. 2008).  Defendant argues that no exception to privity applies here.  Because Plaintiff alleged that he purchased the Products from an El Super grocery store in California (Compl. ¶ 8), rather than directly from Defendant, there is no privity of contract.  De Armey v. Hawaiian Isles Kona Coffee Co., Ltd., 2019 WL 6723413, at *5 (C.D. Cal. July 22, 2019).  While Defendant may be correct, because Defendant only introduced this argument in its Reply, Plaintiff has not had an opportunity to address it.  The Court therefore declines to consider this argument.  State of Nev. v. Watkins, 914 F.2d 1545, 1560 (9th Cir.1990); Ojo v. Farmers Grp., Inc., 565 F.3d 1175, 1186 (9th Cir. 2009).

The Court DENIES Defendant's Motion as to Plaintiff's breach of implied warranty claim.

## V.   CONCLUSION

For the reasons above, the Court DENIES Defendant's Motion.  The April 26, 2021 hearing is VACATED.

**IT IS SO ORDERED.**