1   KILPATRICK TOWNSEND & STOCKTON LLP
    Nancy L. Stagg (State Bar No. 157034)
2   nstagg@kilpatricktownsend.com
    12255 El Camino Real, Suite 250
3   San Diego, CA  92130
    Telephone:858 350 6156
4   Facsimile: 858 350 6111

5   Joe P. Reynolds (Admitted *pro hac vice*)
    jreynolds@kilpatricktownsend.com
6   1100 Peachtree Street, NE, Suite 1100
    Atlanta, GA  30309
7   Telephone:  404 815 4912
    Facsimile:  404 541 4618

8

9   Attorneys for Defendant
    OLE MEXICAN FOODS, INC.

10

11                    UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

14  TAMMY LA BARBERA,                Case No. 5:20-cv-02324-JGB (SP)
    individually and on behalf of all others
15  similarly situated,              **DEFENDANT OLÉ MEXICAN
                                     FOODS, INC.'S MEMORANDUM
16              Plaintiff,           OF POINTS AND AUTHORITIES
                                     IN SUPPORT OF MOTION TO
17         v.                        DISMISS FIRST AMENDED
                                     CLASS ACTION COMPLAINT
18  OLE MEXICAN FOODS, INC.,
                                     Date:    February 27, 2023
19              Defendant.           Time:    9:00 AM
                                     Ctrm.:   Riverside Courtroom 1
20                                   Judge:   Hon. Jesus G. Bernal

21                                   Trial Date:  November 7, 2023

22

23

24

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

2
<u>Page</u>

3   I.    INTRODUCTION ............................................................... 1

4   II.   ALLEGATIONS IN THE COMPLAINT ............................... 4

5   III.  RECORD EVIDENCE REGARDING STANDING ............... 5

6   IV.  LEGAL STANDARD ........................................................... 6

7   V.   ARGUMENT ....................................................................... 7

8          A.   Plaintiff La Barbera fails to allege that reasonable
              consumers are likely to be deceived. ................................ 7

9

10             i.     The role of context and disclaimers post-
                   *Moore*. ..................................................................... 8

11             ii.    The Statements are not ambiguous, and even if
                   they were, context forecloses Plaintiff's theory

12                   of deception. .......................................................... 9

13          B.   Plaintiff La Barbera has failed to plead privity ............. 11

14          C.   Plaintiff La Barbera does not have standing under
              *Lierboe* to assert class allegations, as the substitution

15              of Plaintiff La Barbera for Rodriguez did not cure
               Rodriguez's lack of standing. ....................................... 11

16

17          D.   Plaintiff La Barbera has failed to plead any facts
              supporting her claim for punitive damages ................... 13

18   VI.  CONCLUSION .................................................................. 14

19

20

21

22

23

24

25

26

27

28

    DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 5:20-CV-02324-JGB-SP

1
2

# TABLE OF AUTHORITIES

Page(s)

3

**Cases**

4
5

*ARC Ecology v. U.S. Dep't of Air Force,*
    411 F.3d 1092 (9th Cir. 2005) ............................................................................ 6

6
7

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ...................................................................................... 6, 7

8
9

*Ashton v. JM Smucker Co.,*
    No. EDCV 20-992 JGB, 2020 WL 8575140 (C.D. Cal. Dec. 16,
    2020) .......................................................................................................... 3, 13

10
11

*Askins v. U.S. Dep't of Homeland Sec.,*
    899 F.3d 1035 (9th Cir. 2018) ............................................................................ 2

12
13

*Becerra v. Dr. Pepper/Seven Up., Inc.,*
    945 F.3d 1225 (9th Cir. 2019) .......................................................................... 11

14
15

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) .......................................................................................... 6

16
17

*Chandler v. State Farm Mut. Auto Ins. Co.,*
    598 F.3d 1115 (9th Cir. 2010) ............................................................................ 7

18
19

*Clemens v. DaimlerChrysler Corp.,*
    534 F.3d 1017 (9th Cir. 2008) .......................................................................... 11

20

*Daniel v. Tootsie Roll Indus., LLC,*
    No. 17 CIV. 7541-NRB, 2018 WL 3650015 (S.D.N.Y. Aug. 1, 2018) ............. 10

21
22
23

*de Dios Rodriguez v. Ole Mexican Foods Inc.,*
    No. ED-CV-202324-JGB-SPX, 2021 WL 1731604 (C.D. Cal. Apr.
    22, 2021) ............................................................................................. 1, 10, 11

24
25

*Doe v. United States,*
    419 F.3d 1058 (9th Cir. 2005) ............................................................................ 6

26
27

*Eliason v. AT&T Inc.,*
    No. 19-CV-06232-SK, 2020 WL 13504714 (N.D. Cal. Sept. 28,
    2020) .................................................................................................... 3, 7, 12

28

1

**TABLE OF AUTHORITIES**
(continued)

2

<u>Page</u>

3

*Govea v. Gruma Corp.*,

4

No. CV 20-8585-MWF (JCX), 2021 WL 6618539 (C.D. Cal. Oct. 14,

5

2021) .................................................................................................................... 2

6

*Hadley v. Kellogg Sales Company*,
243 F. Supp. 3d 1074 (N.D. Cal. 2017) ............................................................ 4

7

*Hardy v. Ole Mexican Foods, Inc.*,

8

No. 21-CV-1261 (JLS), 2022 WL 2906395 (W.D.N.Y. July 21, 2022) .......... 2, 8

9

*Hardy v. Ole Mexican Foods, Inc.*,

10

No. 22-1805, 2022 WL 7512300 (C.A.2) ......................................................... 8

11

*Kommer v. Bayer Consumer Health*,

12

252 F. Supp. 3d 304 (S.D.N.Y. 2017) ............................................................. 10

13

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,

14

350 F.3d 1018 (9th Cir. 2003) .......................................................... 3, 11, 12, 13

15

*Lorentzen v. Kroger Co.*,
532 F. Supp. 3d 901 (C.D. Cal. 2021) .......................................................... 3, 13

16

*Mahboob v. Educ. Credit Mgmt. Corp.*,

17

No. 15-CV-628 TWR (AGS), 2021 WL 3772375 (S.D. Cal. Aug. 25,

18

2021), *aff'd*, No. 21-56038, 2022 WL 15523097 (9th Cir. Oct. 27,

19

2022) .............................................................................................................. 3, 12

20

*Mantikas v. Kellogg Co.*,
910 F.3d 633 (2d Cir. 2018) .............................................................................. 8

21

22

*Moore v. Trader Joe's Co.*,
4 F.4th 874 (9th Cir. 2021) ....................................................................*passim*

23

*Reid v. Johnson & Johnson*,

24

780 F.3d 952 (9th Cir. 2015) ............................................................................. 7

25

*Taiwan Semiconductor Manufacturing Co., Ltd. v.*

26

*Tela Innovations, Inc.*,
No. 14-CV-00362-BLF, 2014 WL 3705350 (N.D. Cal. July 24, 2014) ............ 13

27

28

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 5:20-CV-02324-JGB-SP

1

2

**TABLE OF AUTHORITIES**
(continued)

<u>Page</u>

3

4

*Williams v. Gerber Prods. Co.*,
    552 F.3d 934 (9th Cir. 2008) .................................................... 1, 2, 7, 10

5

**Statutes**

6

California Civil Code § 3294(a) ............................................................... 13

7

8

New York General Business Law Sections 349 and 350 ......................... 8

**Other Authorities**

9

10

Federal Rules of Civil Procedure 10(c) ....................................................... 4

11

Federal Rules of Civil Procedure 12(b)(1) ..................................... 1, 2, 3, 7

12

Federal Rules of Civil Procedure 12(b)(6) ....................................... 1, 3, 6

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## I.      **INTRODUCTION**

2

Defendant Olé Mexican Foods, Inc. ("Olé") moves to dismiss the First

3

Amended Class Action Complaint filed by Plaintiff Tammy La Barbera under

4

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 65). On January

5

9, 2023, the Court permitted substitution of Tammy La Barbera for Juan De Dios

6

Rodriguez ("Rodriguez") as named plaintiff in this putative class action. (Dk. No.

7

64). Plaintiff La Barbera includes the same allegations against Olé for misleading

8

product packaging as Rodriguez, save for the specific product purchased (La

9

Banderita Burrito Grande flour tortillas), the date of such purchase ("September

10

2022"), and the store (Sam's Club in Murrieta, California). FAC, ¶ 8.

11

Previously, Olé moved to dismiss Rodriguez's Class Action Complaint on the

12

grounds that (1) Rodriguez's consumer protection claims fail because they do not

13

meet the reasonable consumer test and (2) the breach of implied warranty claim fails

14

because he does not allege vertical privity. (Dkt. No. 13) (filed December 22, 2020).

15

On April 22, 2021, the Court denied Olé's motion to dismiss. (Dkt. No. 26) (the

16

"April 22, 2021 Order"). Applying the reasonable consumer standard in *Williams v.*

17

*Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008), the April 22, 2021 Order held that

18

a reasonable consumer is not "expected to look beyond misleading representations

19

on the front of the box to discover the truth." *de Dios Rodriguez v. Ole Mexican*

20

*Foods Inc.*, No. ED-CV-202324-JGB-SPX, 2021 WL 1731604, at *5 (C.D. Cal.

21

Apr. 22, 2021). The Order concluded "the facts of this case ... do not amount to the

22

rare situation in which granting a motion to dismiss is appropriate." *Id.* (quoting

23

*Williams*, 552 F.3d at 939).

24

At the time of the ruling, the Ninth Circuit had not decided *Moore v. Trader*

25

*Joe's Co.*, 4 F.4th 874 (9th Cir. 2021). While *Moore* does not purport to change

26

Ninth Circuit law, the expectations for the reasonable consumer set forth in *Moore*

27

are markedly higher than the expectations previously identified for the reasonable

28

consumer evaluating Olé's product packaging. Under *Moore*, the reasonable

consumer takes into account all available information "and the context in which that information is provided and used." *Moore*, 4 F.4th at 882.

Applied here, a reasonable consumer evaluating Olé's product packaging would (1) read the Made in U.S.A. label on the back and (2) understand the product is not made in Mexico, the location where Plaintiff La Barbera alleges she thought the product was made. Any impression by a reasonable consumer that the product is made in Mexico would be "resolved after reading the clear country of manufacture on the back of the package." *Hardy v. Ole Mexican Foods, Inc.*, No. 21-CV-1261 (JLS), 2022 WL 2906395, at *4 (W.D.N.Y. July 21, 2022). As a result, it would be "impossible" for a reasonable consumer in Plaintiff La Barbera's circumstances to "reasonably conclude" that the product is made in Mexico. *See Moore*, 4 F.4th at 882 ("Here, reasonable consumers would necessarily require more information before they could reasonably conclude Trader Joe's label promised a honey that was 100% derived from a single, floral source."). Under *Moore*, Plaintiff La Barbera's allegations do not meet the reasonable consumer test, and dismissal as a matter of law is warranted.[1]

In addition, Plaintiff La Barbera fails to state a claim for breach of implied warranty because she does not allege that there is vertical privity. The Court previously declined to rule on this issue. (Dkt. No. 26, at 7). Because Plaintiff is not in privity of contract with Olé, her claim for breach of implied warranty is subject to dismissal.

Olé also moves to dismiss the class action allegations in Plaintiff La Barbera's complaint for lack of subject matter jurisdiction, pursuant to Rule

---

[1] Upon filing of an amended complaint, the law of the case doctrine does not apply. *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1043 (9th Cir. 2018). Further, *Moore* necessitates reconsideration of how the reasonable consumer here would evaluate Olé's product packaging. *Govea v. Gruma Corp.*, No. CV 20-8585-MWF (JCX), 2021 WL 6618539, at *2 (C.D. Cal. Oct. 14, 2021) (allowing argument on "whether *Williams* combined – now – with *Moore* requires further elucidation" but not deciding the issue due to case dismissal).

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 5:20-CV-02324-JGB-SP

1   12(b)(1). "In the class action context, the named plaintiff must show that she

2   personally has been injured, or standing for the rest of the class does not lie."

3   *Eliason v. AT&T Inc.*, No. 19-CV-06232-SK, 2020 WL 13504714, at *4 (N.D. Cal.

4   Sept. 28, 2020) (citing *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018,

5   1022 (9th Cir. 2003)).

6         Where an original named plaintiff lacks standing, a new plaintiff with

7   standing cannot step in to save the lawsuit from dismissal. *Lierboe*, 350 F.3d at

8   1023-24; *see, e.g., Eliason v. AT&T Inc.*, No. 19-CV-06232-SK, 2020 WL

9   13504714, at *4 (N.D. Cal. Sept. 28, 2020) (dismissing plaintiffs' case where

10  original named plaintiffs lacked standing); *Mahboob v. Educ. Credit Mgmt. Corp.*,

11  No. 15-CV-628 TWR (AGS), 2021 WL 3772375, at *5 (S.D. Cal. Aug. 25, 2021)

12  (dismissing plaintiff's case under *Lierboe*), *aff'd*, No. 21-56038, 2022 WL

13  15523097 (9th Cir. Oct. 27, 2022).

14        Here, there is no evidence Rodriguez ever purchased any of Olé's products

15  and suffered any injury, economic or otherwise, related to the products. Without any

16  injury, Rodriguez lacked standing to bring claims against Olé in the first place, and

17  the class action allegations cannot stand. *Lorentzen v. Kroger Co.*, 532 F. Supp. 3d

18  901, 909 (C.D. Cal. 2021). Therefore, in addition to failure to state a claim under

19  Rule 12(b)(6), Olé moves to dismiss the class action allegations under Rule

20  12(b)(1).

21        Finally, Plaintiff La Barbera seeks punitive damages in her prayer for relief.

22  FAC, p. 20 at H. However, she fails to allege any oppressive, fraudulent or

23  malicious conduct by an officer, director, or managing agent of Olé. Therefore,

24  Plaintiff La Barbera's request for punitive damages must be dismissed. *See Ashton*

25  *v. JM Smucker Co.*, No. EDCV 20-992 JGB (SHK), 2020 WL 8575140, at *14

26  (C.D. Cal. Dec. 16, 2020) (granting motion to dismiss plaintiffs' request for punitive

27  damages).

28  ///

## II.   **ALLEGATIONS IN THE COMPLAINT**

Plaintiff La Barbera resides in Murrieta, California. FAC, ¶ 8. Olé is a family-owned business based in Norcross, Georgia that sells a line of tortilla products under the brand name La Banderita. FAC, ¶ 11. Plaintiff La Barbera alleges that in September 2022 she purchased La Banderita Burrito Grande flour tortillas at Sam's Club in Murrieta, California. FAC, ¶ 8. She does not allege any other details about her shopping experience.

Plaintiff La Barbera alleges that she "believed she was purchasing tortillas made in Mexico," based upon the following "representations" on the product package: (1) the phrases "El Sabor de Mexico!", "A Taste of Mexico!", (2) a Mexican flag on the front of the packaging, (3) "La Banderita" brand name, and (4) the word "Authentic" (collectively, the "Statements"). FAC, ¶¶ 9, 15. These Statements appear on the front and back of the package. *See* Declaration of Edgar Moreno ("Moreno Decl.") ¶¶ 2-6 & Exs. A-D.[2] The back of the package states, "Made in U.S.A.," below the ingredient list and nutritional content. *Id*.

Plaintiff La Barbera alleges that had she known the tortillas were "not made in Mexico," she would not have purchased them or would have paid "significantly less." FAC, ¶¶ 4, 9, 25. She also alleges that she has "doubt in her mind" about where the Olé tortillas will be made in the future; if they are made in Mexico, she claims she would purchase them again. FAC, ¶ 10.

///

---

[2] Olé submits images of the packaging for the La Banderita Burrito Grande in 2022, the product Plaintiff La Barbera alleges she purchased, as well as the back of the package for the other products identified in the Complaint. *See* Moreno Decl. ¶¶ 2-6 & Exs. A-D. As discussed more fully in Olé's Request for Judicial Notice, contemporaneously filed herewith, Olé requests that the Court take judicial notice of and consider these images when ruling upon the motion to dismiss. *See, e.g., Hadley v. Kellogg Sales Company*, 243 F. Supp. 3d 1074, 1087 (N.D. Cal. 2017) (granting request for judicial notice of an image of the packaging for Raisin Bran); Fed. R. Civ. P. 10(c).

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 5:20-CV-02324-JGB-SP

In addition to the burrito size tortillas, Plaintiff La Barbera identifies three other La Banderita tortilla products referenced in the complaint: La Banderita Sabrosisimas Corn, La Banderita Sabrosisimas Flour, and La Banderita Whole Wheat Fajita (the "Products").[3] FAC, ¶ 1. Plaintiff La Barbera alleges that all of the Statements, taken in "isolation and as a whole," "create the misleading impression that the Products are made in Mexico, when they are not." FAC, ¶ 17.

On these allegations, Plaintiff La Barbera claims that Olé has committed deceptive acts or practices in violation of the CLRA (Count I), FAL (Count II), UCL (Count III), and breach of implied warranty (Count IV). Plaintiff La Barbera seeks damages, restitution, and declaratory and injunctive relief. FAC, ¶ 5. She seeks to represent a class of all persons who purchased any of the "Products" in California for personal, family, or household purposes, within the applicable statute-of-limitations. FAC, ¶ 27-28.

## III.  RECORD EVIDENCE REGARDING STANDING

On November 6, 2020, Plaintiff Rodriguez filed his class action complaint. On November 17, 2021, Defendant Olé served requests for production of documents upon Plaintiff Rodriguez, seeking, inter alia, any records regarding his purchase of the products at issue in this case. (Dkt. No. 60-1, Stagg Decl., Ex. 1, Plaintiff's Responses to Defendant Olé's First Set of Requests for Production). In the Complaint, Plaintiff Rodriguez identifies a single purchase of two products (La Banderita Burrito Grande flour tortillas and La Banderita Sabrosisimas corn tortillas), "on or about July 2020," at an "El Super grocery store in Victorville, California." (Dkt. No. 1, ¶ 8).

In response to Defendant Olé's discovery, Plaintiff Rodriguez produced a single record of a bank transaction on July 5, 2020 at an El Super store in Victorville, California (Super #28). (Dkt. No. 60-1, Stagg Decl., Exs. 1-2, Plaintiff's

---

[3] The Complaint contains the front of the package for La Banderita Sabrosisimas, La Banderita Sabrosisimas Corn, and La Banderita Burrito Grande. FAC, ¶ 8 & p. 6-8.

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 5:20-CV-02324-JGB-SP

Responses to Olé's First Set of Requests for Production and RODRIGUEZ 0001). Using the information provided by Plaintiff Rodriguez, Defendant Olé served a document subpoena to El Super for records about the transaction. (Dkt. No. 60-1, Stagg Decl., Ex. 3, Notice of Issuance of Subpoena to El Super). In response, El Super produced a single receipt. (Dkt. No. 60-1, Stagg Decl., Ex. 4, El Super 000001). Neither of the two products Plaintiff Rodriguez alleges he purchased are identified on the receipt. *Id.* No product from Defendant Olé is identified on the receipt. *Id.*

Defendant Olé made numerous attempts to take the deposition of Plaintiff Rodriguez from April 2022 to December 2022, but the deposition was postponed numerous times by Plaintiff Rodriguez. (Dkt. No. 60 at 1-8 & Stagg Declaration). On July 9, 2023, Plaintiff Rodriguez's counsel filed a notice of death for Juan De Dios Rodriguez, who died on January 5, 2023. (Dkt. No. 63).

## IV.  LEGAL STANDARD

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005); *ARC Ecology v. U.S. Dep't of Air Force*, 411 F.3d 1092, 1096 (9th Cir. 2005).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line

///

1   between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678

2   (quoting *Twombly*, 550 U.S. at 556).

3       A motion to dismiss under Rule 12(b)(1) "tests whether the court has subject

4   matter jurisdiction" under Article III of the Constitution. *Eliason v. AT&T Inc.*, No.

5   19-CV-06232-SK, 2020 WL 13504714, at *3 (N.D. Cal. Sept. 28, 2020). After a

6   defendant has moved to dismiss for lack of subject matter jurisdiction under Rule

7   12(b)(1), the burden shifts to the plaintiff to establish the court's jurisdiction.

8   *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

9   **V.    ARGUMENT**

10      **A.    Plaintiff La Barbera fails to allege that reasonable consumers are
        likely to be deceived.**

11

12      To state a claim under California's CLRA, FAL and UCL, a plaintiff must

13   allege the defendant's purported misrepresentations are likely to deceive a

14   reasonable consumer. *See Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th

15   Cir. 2008) (explaining that unless the advertisement at issue targets a particularly

16   vulnerable group, courts must evaluate claims for false or misleading advertising

17   from the perspective of a reasonable consumer); *see also Reid v. Johnson &*

18   *Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) ("It is true that violations of the UCL,

19   FAL, and CLRA are evaluated from the vantage point of a 'reasonable

20   consumer.'").

21      "This is not a negligible burden." *Moore*, 4 F.4th at 882. To meet this

22   standard, Plaintiff La Barbera must demonstrate "more than a mere possibility that

23   [the seller's] label might conceivably be misunderstood by some few consumers

24   viewing it in an unreasonable manner ... [r]ather, the reasonable consumer standard

25   requires a probability that a significant portion of the general consuming public or of

26   targeted consumers, acting reasonably in the circumstances, could be misled." *Id.*

27   (quoting *Ebner*, 838 F.3d at 965).

28   ///

i.    **The role of context and disclaimers post-*Moore*.**

*Moore* establishes that evaluation of deceptive advertising claims must take into account all the information available to the reasonable consumer and expect that a reasonable consumer would properly evaluate the information itself and the context in which that information is provided and used. *Moore*, 4 F.4th at 882 (citing *Freeman v. Time, Inc.*, 68 F.3d 285, 289-90 (9th Cir. 1995)).

With this, the Ninth Circuit in *Moore* describes the reasonable consumer in the same fashion as the Second Circuit, where that Circuit has long emphasized in its articulation of the reasonable consumer standard that "context is crucial," so we "consider the challenged advertisement as a whole, including disclaimers and qualifying language." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013).[4]

In *Moore*, the plaintiff brought false advertising claims against Trader Joe's for its store branded Manuka honey, claiming that its labeling of "100% New Zealand Manuka Honey" on the front of the jars was deceptive. *Id.* at 876. In response to Trader Joe's motion to dismiss, plaintiffs argued that the label could "mislead consumers into thinking that the honey was '100%' derived from Manuka flower nectar." *Id.* at 881. The district court granted Trader Joe's motion to dismiss, concluding as a matter of law that other information available to consumers about Manuka honey would "quickly dissuade a reasonable consumer from the belief that Trader Joe's Manuka Honey was derived from 100% Manuka flower nectar." *Id.* at 882.

///

---

[4] Since *Moore*, a district court in the Western District of New York granted Defendant Olé's motion to dismiss false advertising claims under New York General Business Law Sections 349 and 350 based upon the same packaging here. *Hardy v. Ole Mexican Foods Inc.*, --- F. Supp. 3d ---, 2022 WL 2906395, at *1 (W.D.N.Y. July 21, 2022). The case is currently on appeal before the Second Circuit Court of Appeals. *Hardy v. Ole Mexican Foods, Inc.*, No. 22-1805, 2022 WL 7512300 (C.A.2). The decision in *Hardy* is not binding and is persuasive authority.

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 5:20-CV-02324-JGB-SP

1    The Ninth Circuit agreed and upheld the dismissal as a matter of law. The

2    Ninth Circuit held that a reasonable customer would quickly be dissuaded from the

3    plaintiffs' "unreasonable and fanciful" interpretation of the label based on three

4    contextual inferences from the product itself: "(1) the impossibility of making a

5    honey that is 100% derived from one floral source, (2) the low price of Trader Joe's

6    Manuka Honey, and (3) the presence of the '10+' on the label, all of which is readily

7    available to anyone browsing the aisles of Trader Joe's." *Id.* at 883.

8           **ii.    The Statements are not ambiguous, and even if they were,
              context forecloses Plaintiff's theory of deception.**

9

10    In *Moore*, the reasonable consumer standard articulated by the Ninth Circuit

11    envisions a reasonable person capable of evaluating a product and making

12    reasonable assumptions or inferences based upon the entire product package. Such a

13    reasonable person in this case would look at the back of the product package if that

14    person had a question about the location of origin. Finding a clear answer about the

15    location of origin ("Made in U.S.A."), the reasonable person would not believe the

16    product is made in Mexico:



DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
                                                                CASE NO. 5:20-CV-02324-JGB-SP

1    Moreno Decl. ¶¶ 2-6 & Exs. A-D.

2         The Made in U.S.A. label clearly shows the origin of manufacture is not in

3    Mexico. These circumstances are similar to the "impossible" situation described in

4    *Williams*. There, the Ninth Circuit was describing a case where a mailer expressly

5    stated the plaintiff had won a million dollar sweepstakes but then disclaimed in

6    small print the plaintiff would only win the prize if he had the winning sweepstakes

7    number. *Williams*, 552 F.3d at 939 (citing *Freeman*, 68 F.3d at 288). Because of the

8    express disclaimer, which "no reasonable reader could ignore," the Ninth Circuit

9    concluded that the "advertisement itself made it impossible for the plaintiff to prove

10   that a reasonable consumer was likely to be deceived." *Id.* (citing *Freeman*, 68 F.3d

11   at 288). Just as in *Williams*, Olé's Made in U.S.A. label makes Plaintiff La

12   Barbera's theory of deception impossible and implausible. *See also Moore*, 4 F.4th

13   at 884.

14        Previously, the April 22, 2021 Order held that a reasonable consumer is not

15   "expected to look beyond misleading representations on the front of the box to

16   discover the truth." *de Dios Rodriguez v. Ole Mexican Foods Inc.*, No. ED-CV-

17   202324-JGB-SPX, 2021 WL 1731604, at *5 (C.D. Cal. Apr. 22, 2021). However,

18   under *Moore*, the reasonable consumer here would, as a matter of law, read and

19   understand the product packaging. And, it is "impossible" for a reasonable person

20   who has read and understood the product packaging to believe the products here are

21   made in Mexico.[5] Such a belief would be unreasonable.

22

23   [5] Courts in the Second Circuit discuss this in terms of what level of understanding
24   will be imputed to the "reasonable" person. *See, e.g.*, *Daniel v. Tootsie Roll Indus.,
     LLC*, No. 17 CIV. 7541-NRB, 2018 WL 3650015, at *13 (S.D.N.Y. Aug. 1, 2018)
25   ("The law simply does not provide the level of coddling plaintiffs seek. … The
     Court declines to enshrine into the law an embarrassing level of mathematical
26   illiteracy."); *Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 311-12
27   (S.D.N.Y. 2017) ("Assuming that a reasonable consumer might ignore the evidence
     plainly before him attributes to consumers a level of stupidity that the Court cannot
28   countenance and that is not actionable under G.B.L. § 349.").

Even if a reasonable consumer could form an impression the product was made in Mexico (despite the product packaging not expressly or implicitly stating otherwise), *Moore* establishes a reasonable consumer under the circumstances would continue evaluating the matter, including by turning over the product to see if it expressly states where the product is made. As in *Moore*, the reasonable consumer would necessarily require more information before the reasonable consumer could "reasonably conclude" where the product was made. 4 F.4th at 882.

In sum, Plaintiff La Barbera's claim that the product packaging is misleading or deceptive is unreasonable in light of the "Made in U.S.A." statement on the packaging. *See Becerra v. Dr. Pepper/Seven Up., Inc.*, 945 F.3d 1225, 1229-30 (9th Cir. 2019) ("a plaintiff's unreasonable assumptions about a product's label will not suffice"). Plaintiff La Barbera's allegations fail the reasonable consumer test as a matter of law.

### B.    Plaintiff La Barbera has failed to plead privity.

To bring a claim for breach of implied warranty under California law, a plaintiff "must stand in vertical contractual privity with the defendant." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). Plaintiff La Barbera alleges that she purchased the product at a Sam's Club in Murrieta, California, not directly from Olé. FAC, ¶ 8. No exception to privity applies. Because Plaintiff is not in privity of contract with Olé, her claim for breach of implied warranty fails. *See de Dios Rodriguez v. Ole Mexican Foods Inc.*, No. EDCV202324JGBSPX, 2021 WL 1731604, at *5 (C.D. Cal. Apr. 22, 2021).

### C.    Plaintiff La Barbera does not have standing under *Lierboe* to assert class allegations, as the substitution of Plaintiff La Barbera for Rodriguez did not cure Rodriguez's lack of standing.

On January 10, 2023, Plaintiff La Barbera filed her FAC, substituting herself for Rodriguez, the former named plaintiff. FAC, p. 1. In *Lierboe*, the Ninth Circuit held that where the original named plaintiff lacks standing, a new plaintiff with standing cannot step in to save the lawsuit from dismissal. *Lierboe v. State Farm*

*Mut. Auto. Ins. Co*, 350 F.3d 1018, 1023-24 (9th Cir. 2003); *see, e.g., Eliason v. AT&T Inc.*, No. 19-CV-06232-SK, 2020 WL 13504714, at \*4 (N.D. Cal. Sept. 28, 2020) (dismissing plaintiffs' case where original named plaintiffs lacked standing); *Mahboob v. Educ. Credit Mgmt. Corp.*, No. 15-CV-628 TWR (AGS), 2021 WL 3772375, at \*5 (S.D. Cal. Aug. 25, 2021) (dismissing plaintiff's case under *Lierboe*), aff'd, No. 21-56038, 2022 WL 15523097 (9th Cir. Oct. 27, 2022).

In *Lierboe*, Lierboe filed a class action in which she appeared as the only named plaintiff. *Lierboe*, 350 F.3d at 1020. Lierboe sought payments from State Farm for insureds whose claims State Farm had limited by refusing to "stack" more than one policy. *Id*. While certification and opinion by the Montana Supreme Court on this substantive issue was pending, the district court granted class certification. *Id*. at 1021. Eventually, the Montana Supreme Court held that Lierboe did not have a stacking claim and State Farm appealed the granting of class certification for lack of standing and moved to dismiss Lierboe's claims. *Id*. at 1021-22. The Ninth Circuit vacated the district court's class certification, stating "if Lierboe has no stacking claim, she cannot represent others who may have such a claim." *Id*. at 1022. As to dismissal, the Ninth Circuit reasoned "where the sole named plaintiff 'never had standing'… and where 'she never was a member of the class she was named to represent,' the case must be remanded with instructions to dismiss." *Id*. at 1023. Despite any judicial efficiencies which might be gained be continuing, *Lierboe* provides that where the named plaintiff never had standing, and so was never a member of the class he purported to represent, dismissal is necessary. *Id*.

In this case, the only evidence in the record suggests that Rodriguez did not purchase any of the products in the original Complaint. The record produced by El Super shows that Rodriguez's July 5, 2020, transaction did not include the products he alleged that he purchased in the original Complaint. (Dkt. No. 1). Olé served comprehensive requests for production on Rodriguez, and the only records he produced in response was a single record regarding the July 5, 2020, transaction and

1    a handful of advertisements from Rodriguez's counsel. If Rodriguez did not

2    purchase any of the products in the original Complaint, then he did not suffer any

3    injury—economic or otherwise—related to the products. Without any injury,

4    Rodriguez lacked standing to bring claims against Olé. *Lorentzen v. Kroger Co*., 532

5    F. Supp. 3d 901, 909 (C.D. Cal. 2021). Even though Plaintiff La Barbera was

6    substituted in as the new named plaintiff in this case, this substitution cannot save

7    Plaintiff La Barbera from dismissal under *Lierboe.* Therefore, the Court should

8    dismiss the class allegations in the First Amended Class Action Complaint, in

9    addition to dismissing the theory of relief for failing to satisfy the reasonable

10   consumer standard.

11          **D.    Plaintiff La Barbera has failed to plead any facts supporting her**
12                 **claim for punitive damages.**

13          Punitive damages are limited to circumstances of "oppression, fraud, or

14   malice." Cal. Civ. Code § 3294(a). To make that showing against a corporate entity,

15   Plaintiff La Barbera must allege that an officer, director, or managing agent of the

16   corporation had "advance knowledge and conscious disregard, authorization,

17   ratification or act of oppression, fraud, or malice." *Ashton v. JM Smucker Co.*, No.

18   EDCV 20-992 JGB (SHK), 2020 WL 8575140, at \*14 (C.D. Cal. Dec. 16, 2020)

19   (granting motion to dismiss plaintiffs' request for punitive damages); *see Taiwan*

20   *Semiconductor Manufacturing Co., Ltd. v. Tela Innovations, Inc.*, No. 14-CV-

21   00362-BLF, 2014 WL 3705350, at \*6 (N.D. Cal. July 24, 2014) ("Plaintiff's failure,

22   then, to include the names or titles of any individual actor is a fatal defect in its

23   pleading of "willful and malicious" conduct.). Here, Plaintiff fails to allege any

24   oppressive, fraudulent or malicious conduct by an officer, director, or managing

25   agent of Olé. Plaintiff merely seeks punitive damages in her prayer for relief. FAC,

26   p. 20 at H. Therefore, Plaintiff's request for punitive damages must be dismissed.

27   *Ashton*, 2020 WL 8575140 at \*15.

28

1

## VI.     <u>CONCLUSION</u>

2          For the foregoing reasons, Defendant Olé requests that the Court dismiss the

3     FAC in its entirety with prejudice.

4

      DATED:  January 24, 2023          Respectfully submitted,
5
                                        KILPATRICK TOWNSEND & STOCKTON
6                                       LLP

7

8                                       By:/s/ Nancy L. Stagg
                                            NANCY L. STAGG
9
                                        Attorneys for Defendant
10                                      OLE MEXICAN FOODS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1**

2

The undersigned, counsel of record for Defendant Ole Mexican Foods, Inc.,

3

4

certifies that this brief contains 4,275 words, which complies with the word limit of

5

Local Rule 11-6.1.

6

Dated:  January 24, 2023

7

Respectfully submitted,

8

KILPATRICK TOWNSEND & STOCKTON
LLP

9

10

/s/ Nancy L. Stagg

11

NANCY L. STAGG

12

Attorneys for Defendant
OLE MEXICAN FOODS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28